In the Matter of the Application of the City of Buffalo to Acquire the Fee of "The Terrace."

THE CITY OF BUFFALO, Appellant, *v.* PASCAL P. PRATT et al., Respondents.

The ownership of the fee of the land in a street by an adjoining owner vests him with the right to defend against and enjoin a use of or an encroachment upon the street, under legislative or municipal authority, for purposes inconsistent with those uses to which streets should be or have ordinarily been subjected, unless provision for just compensation is made.

Where this fee is taken by legislative authority the owner is entitled, not merely to nominal damages, but to such substantial damages as may be ascertained by measuring the effect upon the value of his remaining property, of the loss of the fee of the street.

Accordingly *held*, in a proceeding by the city of Buffalo, under its charter (§ 22, title 8, chap. 519, Laws 1870, as amended by chap. 181, Laws of 1885) to acquire the fee in a public street, that an award of substantial damages to said owners was proper.

*In re Mayor, etc., N. Y.* (1 Wend. 262); *In re Mayor, etc., N. Y.* (2 id. 472); *Livingston* v. *Mayor, etc.* (8 id. 85); *Champlin* v. *Laytin* (18 id. 411); *In re Twenty-second Street* (19 id. 128); *In re Twenty-ninth Street* (1 Hill, 189), distinguished.

(Argued February 1, 1892; decided March 1, 1892.)

APPEAL from order of the General Term of the Superior Court of the city of Buffalo, made November 5, 1891, which

affirmed an order of Special Term confirming the report of commissioners herein.

*William F. Mackey* for appellant.    The respondents took title to their property and acquired the fee in the Terrace in front of their property subject to a perpetual public easement therein, and acquired only the naked legal title to the fee, and are only entitled in this proceeding to nominal damages. (Lewis on Em. Dom. § 500; *In re Seventeenth Street*, 1 Wend. 262; *In re Lewis Street*, 2 id. 472; *In re Thirty-second Street*, 19 id. 128; *Livingstone* v. *Mayor*, 8 id. 85; *In re Furman Street*, 17 id. 649; *Champlain* v. *Laytin*, 18 id. 411; *Wyman* v. *New York*, 11 id. 486; *In re Thirty-ninth Street*, 1 Hill, 189; *In re Sixty-seventh Street*, 60 How. 264; *In re Department of Public Works*, 6 Hun, 486; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Baldwin* v. *City of Buffalo*, 35 id. 376; *In re City of Brooklyn*, 73 id. 179; *De Peyster* v. *Mali*, 92 id. 262; *In re Eleventh Ave.*, 81 id. 436; *In re Munson*, 29 Hun, 325; *In re Deering*, 85 N. Y. 20; *Valentine* v. *City of Boston*, 22 Pick. 75; *Stetson* v. *City of Bangor*, 60 Me. 313; 73 id. 357; *Bartlett* v. *City of Bangor*, 67 id. 460; *Walker* v. *City of Manchester*, 58 N. H. 438; *Clark* v. *City of Elizabeth*, 37 N. J. L. 120; 40 id. 172; *In re Story Street*, 18 Phila. 456; *In re Berks Street*, 15 id. 381.)    The respondents can recover such damages as they may have sustained by reason of the acts of the railroad. (*Kane* v. *N. Y. E. R. R. Co.*, 127 N. Y. 164.)    Streets laid out and opened under charter provisions may, under legislative municipal authority, be used for any public use consistent with their preservation as public streets, although the use may be new, may impose an additional burden. (*Kane* v. *N. Y. E. R. R. Co.*, 127 N. Y. 164.)    An owner of a lot adjoining a city street, although his title extends only to the side of the street and he has no interest therein save as an abutting owner, has private property rights therein which may be so impaired as to entitle him to damages. (*Abendroth* v. *M. R. Co.*, 123 N. Y. 1.)

*John G. Milburn* for respondents. The duty of the commissioners was to award just compensation, and they were under no legal compulsion to award nominal compensation only. (*Jackson* v. *Hathaway*, 15 Johns. 447; *Robert* v. *Sadler*, 104 N. Y. 229; Dillon on Mun. Corp. [4th ed.] § 633; *Forbes* v. *R. R. Co.*, 121 id. 505; *Spofford* v. *R. R. Co.*, 15 Daly, 166; *In re Eleventh Ave.*, 81 N. Y. 436; *In re City of Yonkers*, 117 id. 564; *Sweet* v. *R. R. Co.*, 79 id. 293; *Park Comrs.* v. *Armstrong*, 45 id. 234; *Hayward* v. *City*, 7 id. 314; *Livingston* v. *Mayor, etc.*, 8 Wend. 85; *Wyman* v. *Mayor, etc.*, 11 id. 481; 17 id. 651; 19 id. 128; 1 Hill, 189; *Bartlett* v. *City of Bangor*, 67 Me. 460; *Clark* v. *City of Elizabeth*, 37 N. J. L. 120; *Flack* v. *Village of Green Island*, 122 N. Y. 107; *Washington Cemetery* v. *R. R. Co.*, 68 id. 591; *In re City of Brooklyn*, 73 id. 179.)

*Frank C. Ferguson* for respondents. The owners of the hotel property now have the exclusive right in the soil to the center of the street for every purpose of use or profit not inconsistent with the public easement, and may maintain appropriate actions for any encroachments upon it. (Dillon on Mun. Corp. [4th ed.] § 633; *Roberts* v. *Sadler*, 104 N. Y. 233; Laws of 1891, chap. 105, § 434; *Higgins* v. *Reynolds*, 31 N. Y. 156; *Fisher* v. *City of Rochester*, 6 Lans. 225; *Kenney* v. *Williams*, 14 Barb. 629; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Craig* v. *R., etc., Co.*, 39 id. 404; *Fobes* v. *R., W. & O. R. Co.*, 121 id. 505.)

GRAY, J. In this proceeding the city of Buffalo sought to acquire the fee in a public place, or street, under authority conferred in a section of the city charter, which reads as follows, viz:

"The city may take in fee for public streets, alleys and squares, the lands situate within the boundaries of any of the public streets, alleys or squares in said city, which have been, or shall have been used as public streets, alleys or squares for more than ten years."

The public street affected by this proceeding was known as "The Terrace" and had been, concededly, in use as a street for a great number of years, and prior to the purchase by the respondents of their properties. Concededly also, the respondents own the fee of the portion of the street in front of their premises.

The object of the city in seeking to acquire the fee in this street is not disclosed and it is not very material. A first report by the commissioners awarded nominal damages to the owners of the fee of the land in the street; but, upon its coming before the court for confirmation, and being then objected to, it was ordered to be set aside, on the ground that the commissioners had adopted an improper rule of appraisement in awarding only nominal damages, and the report was sent back to them for further consideration. By their new report, substantial damages were awarded and, being confirmed by the court below, the sole question presented upon the appeal here is whether the respondents are entitled to other than nominal damages. The point made by counsel for the city is that the respondents, having acquired the fee of the street in front of their property subject to a perpetual public easement therein, acquired only the naked legal title to the fee; and, therefore, should be entitled to nominal damages only. This position the counsel for the city seeks to fortify by a reference to many authorities in this state and elsewhere; the most weighty of which seem to be cases arising in street opening proceedings in New York city. (1 Wend. 262; 2 id. 472; 8 id. 85; 18 id. 411; 19 id. 128; 1 Hill, 189.)

It may be well to consider the nature of these New York city cases. They were decisions by the old Supreme Court and the Court of Errors, and were made in proceedings taken on behalf of the city of New York for the opening up of streets, and upon applications to set aside, or to confirm, the commissioners' reports as to damages. The question was whether the city should pay the full value of the lands taken for the street and it was held that only nominal damages should be awarded. The decisions proceeded, however, upon

the theory that the right to claim damages upon the opening of the streets by the city was in the original grantor, or former proprietor of the lands, who had made sales of parcels or lots bounded upon streets as projected upon the city surveys and upon maps. It was held that their grantees had acquired no title to the land occupied by the street, but had only acquired, by a conveyance on, or bounded by, streets, an easement, or right of way in the street. As to the former proprietor of the land, he was considered to be entitled only to nominal damages, because he must be deemed to have engaged to give the ground for the street, whenever the city required it, or to have adopted the street as it had been previously laid out by public authority. It should be observed in considering these cases that Manhattan island had been surveyed under acts passed very early by the legislature of the state of New York. This legislation provided for and regulated the future opening by the city of streets and avenues, as surveyed and laid out in anticipation of the growth of that municipality, and it was also provided that, as the result of street opening proceedings, the fee should at once vest in the city. The compensation for the land the court decided to be due to the former proprietor, who had granted the lots upon the streets, and not to the purchasers from him; but this compensation should only be nominal and as for the naked fee, because an easement, or right of way was vested in the purchasers under a dedication of the land in the street, and because there was an implied agreement on the part of the former owner to give the land for the street, when the city, by instituting proceedings to open it, thereby adopted it as proposed. He was deemed to have granted with reference to existing legislation and in anticipation of the future opening of the streets by the city. He was deemed to have received an enhanced value from his grantee by reason thereof and from his having dedicated the land to street purposes. The purchasers were held to have taken no interest in the street, other than that of an easement or right of way. Apparently, the principle, which the decisions undertook to work out, was that of protecting the abutting owners

against being charged for the value of the fee taken by the city and the court was concerned with the relative situations of the original grantors and these abutters. In *Bissell* v. *New York Central R. R. Co.* (23 N. Y. 61) the question upon the case was whether certain conveyances between the years 1828 and 1845, conveying lots in the city of Rochester, on either side of Erie street, carried lands to the center of that street. It was held that where a conveyance was bounded upon, or by a street, it carried the fee to the center of the street as part of the grant, notwithstanding the authority of the New York city street cases, which were there, and are here, referred to. It is a question how far the *Bissell* case impairs the force of the authority of the decisions in the New York city street cases, for they went upon the theory that the grantees acquired no title to the land in the street at all. But, however that may be, and independently of such considerations, I think that the New York city cases were influenced by an existing state of facts, which is not paralleled here. The proceedings here have no reference to any original dedication, which contemplated the future adoption of the street by the city authorities and the vesting of the fee in the city, as a consequence of the institution by them of legal proceedings. Nor do they rest upon any legislation, existing at the time of the grants by the former proprietors, or in view of and subject to which sales might be deemed to have been made. The record is barren of evidence as to the authority by which the street in the present case came as such into the public use; or as to whether and how it was ever dedicated by the owner of the land. What we do know is that these respondents acquired the fee of the land in the street opposite their premises, and that the right of the city to take it was conferred by subsequent and recent legislation with respect to the municipal charter.

I do not think that it is needed, or that it would be profitable, to review the many cases in which the rights of owners of property in and abutting upon the street have been considered. The result has been to generally define and assign their particular interests and rights. The mere abutter, with no ownership

in the bed of the street, is entitled to protection against an interference with certain easements in the street. They constitute property, of which neither legislature, nor municipality, can deprive him without compensation. (*Kane* v. *N. Y. Elev. R. R. Co.*, 125 N. Y. 164.)

It is unquestionable, however, that the ownership of the fee of the land in a street has a substantial value to the abutting property holder, in the degree of control it gives to him over the uses to which the street may be put. It vests him with the right to defend against and to enjoin a use of, or an encroachment upon the street, under legislative or municipal authority, for purposes inconsistent with those uses to which streets should be, or have been ordinarily subjected; unless just compensation is provided to be made. His ownership of the land in the street was subject only to the public easement therein as a highway. In the absence of such a provision for compensation, the taking of the street for some new, or additional and inconsistent use would be illegal. But, if the abutting property owner does not own the fee in the land of his street, he has no such right to compensation and is remediless against a taking of the street under legislative or municipal sanction for other uses; except such other uses be unreasonable and, in their nature, so improper as to obstruct a free passage upon the street; or to amount to a nuisance; or to deprive him of the enjoyment of easements of light, air and access. As to any such improper, or unreasonable use of a street, the abutting property owner would undoubtedly have the right to come into a court of equity and to claim its intervention to protect his general rights. In this case no reason appears, or suggests itself, to show that the public good and advantage will be better promoted by a change of title from the present owner to the municipal government. For all governmental purposes the existing easement and public right of passage in the street are sufficient and will be in the future; unless there shall be some purpose to impose an additional burden upon the street; in which case the substantial nature of the respondents' interest in opposing the award of merely nominal damages becomes very clear

indeed. The fee of the land has a value to him; it seems valuable to the municipality. He has possible interests at stake to protect; the municipality may have other interests to advance. It is authorized by law to take from him his title and he cannot defeat the proceedings; but the law requires just compensation to be made to him. What is there in the law, or in reason, which disentitles him to the receipt of substantial damages? I see nothing and I am averse to holding that the exclusive rights in the land occupied by the street, which he possesses subject only to the public easement, can be taken from him by governmental authority, without just compensation, to be measured by the value of these rights to him. I think that, within the circumstances of the case, the respondents were entitled to be awarded, as the compensation provided to be made in the act, upon the taking by the city of the fee of the land in the street in front of their premises, such substantial damages as would be ascertained by measuring the effect upon the value of their property of such a deprivation.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.