In a proceeding to condemn land for a street, it was shown that the land was laid out as a street on the commissioners' map of 1807, and was extended in 1859 by the common council to the exterior street on the map adopted by them; that the owner of land including the street conveyed in 1861 to two grantees a parcel thereof touching the north border of said street, by a deed granting "all the right, title, and interest of the party of the first part in and to the adjoining streets, to the center thereof." In 1876 partition was had between the grantees; one taking a parcel on the north side of the street in question, the description of which carried it to the side of the street. In 1886 other land, touching the south side of the street in question, was conveyed by deed granting all the grantor's right, title, and interest to the southerly half of said street. Held, that there was not a dedication of the street in question to the public use.

2. DEED—CONSTRUCTION.

Where the owner of land on both sides of a street, which has not been dedicated to public use, conveys the land in parcels up to the line of the street, and his "right, title, and interest" in the street, to the center thereof, the street becomes the property of the grantees in severalty, chargeable with a private easement in favor of the grantees, and subsequent grantees of other parcels conveyed in like manner, so that the land in the street becomes impressed with the ordinary characteristics of a public street, as between the owners of land abutting thereon.

3. CONDEMNATION OF LAND FOR STREET—DAMAGES.

Where a street not dedicated to public use is owned by the abutting property owners subject to a private easement which gives it the character of a public street as between them, the measure of damages for taking the street for public use is the value of the land subject to the private easement.

4. EASEMENT—ADVERSE POSSESSION.

A piece of land not dedicated to public use was laid out as a street on the commissioners' map in 1807, and was extended by the common council, on a map adopted in 1859, to the exterior street. Deeds to the street were executed by the owner thereof in 1861 and 1886, creating a private easement for street purposes as between the abutting property owners, by whom the street had been continuously used. Held, that the easement had not been lost by adverse possession.

In the matter of the opening of Ninety-Fourth street, of the city of New York. Motion to confirm the report of the commissioners in the proceedings to condemn land for street purposes. Denied.

Truman H. Baldwin, for Hancke Hencken.

Francis M. Scott, Corp. Counsel (John P. Dunn, of counsel), for city of New York.

John C. Shaw, for property owners assessed.

William C. De Witt, for Henry W. Sage.

BEEKMAN, J. The commissioners have awarded to the owners of the fee of the land included within the lines of Ninety-Fourth street, between First avenue and high-water mark, the full value of the property. Objections have been filed to the report by the city, and other parties affected by the assessment which has been laid to meet the awards; and the questions thus raised have been discussed on this motion, which is made to confirm the report.

It is claimed by the objectors that only nominal awards should have been made, on the ground that there has been an actual dedication of the land lying in the street to public use, or, if that be not so, that the land has been subjected to the charge of private easements in favor of certain persons owning property abutting on the street west, as well as east, of First avenue, which are co-extensive with the ordinary uses of a public street. As the adoption by the city of Ninety-Fourth street, from First avenue to the exterior bulkhead line, as a street, which it was proposed to open at some future period, is called in question, it is sufficient to say that the proofs clearly show that it was laid down on the commissioners' map authorized by the act of 1807, extending to the shore line of the river, and was subsequently projected to the exterior street adopted by the common council in 1859, as appears from a map known as the "Southard Map," which was approved by that body. It appears that prior to the conveyance next referred to one Edward Roberts owned a large parcel or tract of land, which included the premises in question, and other property adjacent thereto. In 1861 he conveyed to Henry W. Sage and William G. Grant the following parcels, namely: The block bounded by First and Second avenues, Ninety-Fourth and Ninety-Fifth streets, and another piece bounded by First avenue on the west, Ninety-Fourth street on the south, and the Harlem river on the north and east. The deed, also, in terms, conveyed "all the right, title, and interest of the parties of the first part in and to the adjoining streets, to the center thereof." The title to the northerly half of Ninety-Fourth street thus vested in Sage and Grant, while the title to the southerly half continued in Roberts, together with the adjacent land to the south of which he was the owner. In 1876 an action for the partition of the property so conveyed was brought by Sage, which resulted in a judgment under which an actual partition was made, and pursuant thereto quitclaim deeds were exchanged between the parties in conformity with the division so made. In the division a parcel on the north side of Ninety-Fourth street, extending from First avenue east to the river, was allotted and conveyed to Sage. The land lying in Ninety-Fourth street, however, was not the subject of allotment or conveyance; the description of the property partitioned in each case carrying the bounds to the sides of the streets and avenues, which are explicitly named; no mention being made of the interests which both parties doubtless enjoyed in common in the land within the street, to the center thereof. In 1886 Roberts conveyed the land owned by him on the south side of Ninety-Fourth street to one Willenbrock, bounding it by the side of said street, and granting also, in terms, all his right, title, and interest to the southerly half of said street; and immediately thereafter Willenbrock con-

veyed an undivided half of the property thus acquired to one Hancke Hencken.

It is claimed that the parties thus owning the fee of Ninety-Fourth street have dealt with it in such a way as to work a dedication of the same to the public use, and the cases of In re Thirty-Ninth Street, 1 Hill, 191, Wyman v. Mayor, etc., 11 Wend. 486, and In re Lewis Street, 2 Wend. 472, are relied upon to sustain this contention. It is true that these cases apparently hold that where a property owner sells a lot of land, bounding it upon a street which was laid out on the map of 1807, a dedication of the land lying in the street to the public use for street purposes results, which leaves in the owner the barren fee, entitling him to only nominal compensation when the street is legally opened. But the courts have since discredited these cases to an extent which very seriously impairs their authority. The whole subject is elaborately discussed by Mr. Justice Ingraham in Re One Hundred and Sixteenth Street, 1 App. Div. 436, 37 N. Y. Supp. 508, where, in giving the opinion of the court, he says (page 445, 1 App. Div., and page 513, 37 N. Y. Supp.):

"We have now three late decisions of the court of appeals, which, taken together, we think establish certain rules that should be applied to cases of this kind. Thus, we may say that a grant of land bounded upon a street of which the fee is in the grantor, whether by the terms of the grant the fee of the street would be included or not, does not of itself amount to a public dedication of the street; that the owner of property abutting on a street, who owns the fee of the street subject to an easement granted to private individuals, is entitled to substantial damages when the fee is taken by a municipality for a public street; that, where there exists a private easement to use the street, the owner of the fee of the street subject to such easement is entitled to nominal damages only, where the fee is not taken, but only an easement for the public, as no greater right was taken by the public than he had before granted to his grantees, and where the owner of property on both sides of a street or highway has conveyed all of his property bounded on the street, to grantees who have thereby acquired an easement in the street for use as a street, he is entitled to the value of the property taken, subject to the private easement which already incumbers the property, which value is merely nominal. See City of Buffalo v. Pratt, 131 N. Y. 299, 30 N. E. 233; Village of Olean v. Steyner, 135 N. Y. 346, 32 N. E. 9; and In re Adams, 141 N. Y. 300, 36 N. E. 318."

I am of the opinion that, upon the facts of this case disclosed by the record, there has not been a dedication of the land in question to the public use. Whether there has been a dedication or not is a question of intention, and the evidence of such an intention must be clear and unequivocal to support such a conclusion. The claim rests substantially upon the reference to the street contained in the deeds conveying the adjacent lands, but, as we have seen, this is not now considered sufficient. In re One Hundred and Sixteenth Street, supra; In re Department of Public Works, 48 Hun, 488, 1 N. Y. Supp. 237. But the land in question is affected by certain private easements in favor of the abutting property owners, which spring out of the relation established by the acts of the parties in dealing with the abutting property. In re Eleventh Avenue, 81 N. Y. 436. In that case the court says (page 447):

"But the authorities cited fully establish that, without making such a dedication to the public, a grantor may, by selling lots, and describing them as

bounded on a street running through his own land, create an easement in the land called a street, in favor of his own grantees, and that, although the fee of such land remains in him, it is incumbered by that easement."

The easement in such a case is one which extends over the entire width of the street, and may be defined as a perpetual right to the free and unincumbered use of the so-called street for light, air, and access.    Where the grantor is the owner on both sides of the street, the grant of this easement in favor of the grantee of one or more parcels is not exclusive; but the land lying within the lines of the street becomes chargeable with a similar easement in favor of his subsequent grantees of other parcels conveyed in like manner, even though in the previous deeds the grantor has conveyed his right, title, and interest in the adjacent street, to the center line of the same.    The land within the street lines so granted is to be deemed as conveyed subject to the uses for which the so-called street or road exists, and therefore subject to the right of the grantor and his subsequent grantees owning or acquiring the remaining abutting parcels to use the same for such purposes.    In other words, as between the grantor and his grantee, although not with respect to the public, the land lying within such limits becomes impressed with all the ordinary characteristics of a street.    Bissell v. Railroad Co., 23 N. Y. 61.    When, therefore, Roberts conveyed to Grant and Sage the land east of First avenue, on the north side of Ninety-Fourth street, in the manner above stated, together with his right, title, and interest in the adjoining street, to the center thereof, they acquired an easement of the nature above described in all the land lying within the limits of Ninety-Fourth street, east of First avenue; and the land conveyed to them within the street lines became also impressed with a similar use in favor of Roberts, who continued to own the property on the south side of the street, and the remaining land within the street lines.    Such, also, I think, was the manifest intention of the parties, as disclosed by the situation of the property, and their manner of dealing with it.    When Roberts subsequently conveyed his remaining property east of First avenue to Willenbrock, the latter succeeded to his grantor's rights in the street, and also became subject to the burden of the easements therein in favor of Grant and Sage; so that the situation now is that Sage, who seems to have acquired the Grant interest, is the owner of the north half of the street in severalty, impressed with the easement of Willenbrock and his co-tenant Hencken, while the latter are the owners of the south half of the street, subject to a similar easement in favor of Sage.    They are therefore entitled to substantial damages for the taking of the fee, but only such as may be measured by the value of the fee subject to the private easements referred to. In re One Hundred and Seventy-Third Street, 78 Hun, 487, 29 N. Y. Supp. 205.    In the case cited the court says (page 491, 78 Hun, and page 208, 29 N. Y. Supp.):

"In the case of City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, it was distinctly held that, where the ownership of the fee of land in the street is taken from the adjoining owner by legislative authority, the owner is entitled, not merely to nominal damages, but to such substantial damages as may be ascertained by measuring the effect upon the value of his remaining property of the

loss of the fee of the street. And this rule was based upon the fact that the ownership of the fee of the land in the street by an adjoining owner vests in him certain rights, of which he is deprived by the taking of the fee of the land, even for street uses. This principle seems to cover the case at bar."

It also covers the case under consideration. In determining such damages it must therefore be. considered that the land taken is in-cumbered with an easement which prevents exclusive occupation, and forbids any surface construction or other use inconsistent with the uses of a right of way. The case at bar is not to be confounded with cases where the public authorities are seeking to condemn a public easement only. Here, as in other cases in New York City, the fee is sought to be taken. The distinction is pointed out by Judge Finch in Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, where he says (page 347, 135 N. Y., and page 10, 32 N. E.):

"In the case of city streets, where, under the statute, the fee is taken, we have recently held that substantial damages should be awarded. City of Buffalo v. Pratt, 131 N. Y. 297, 30 N. E. 233. But here the fee is not taken, but an easement for a highway only, which is merely the equivalent of the private easement displaced. The change alters the control, but does not increase the burden."

It is claimed that under the authority of In re Adams, 141 N. Y. 297, 36 N. E. 318, the owners here are entitled to only a nominal award, but an examination of the opinion in that case shows that the court apparently proceeded on the assumption that the proceeding in hand involved a mere exchange of a public for a private easement, and not the transfer of the fee; and the case of Village of Olean v. Steyner, supra, is quoted in support of the reasoning of the court. It can therefore hardly be taken as overruling the authority of City of Buf-falo v. Pratt, supra, which Judge Finch carefully distinguishes from the one then under consideration. Furthermore, it has been held in this department that the facts of the case in Re Adams were of such a character as to render it inapplicable to cases similar to the one un-der consideration here. In re One Hundred and Seventy-Third Street, 78 Hun, 487, 29 N. Y. Supp. 205.

The record in the case at bar shows that the commissioners treated the easements which affected the land lying within Ninety-Fourth street as practically nonexistent, and awarded the full value of the fee, as if it were not so incumbered. In so doing, they adopted an erroneous principle, which requires the court to refuse the motion to confirm, and to return the report to them for reconsideration. While holding that the owners are entitled to more than a mere nominal award, I also hold that the measure of damage must be the value of the property taken, subject to the private easement referred to, or, as is said by Mr. Justice Van Brunt in Re One Hundred and Seventy-Third Street, supra, "such damages as may be ascertained by meas-uring the effect upon the value of his [the owner's] remaining prop-erty of the loss of the fee of the street."

The claim that the easements in question have been lost by ad-verse possession is unsupported by the facts and the law of the case. In re Public Parks, 53 Hun, 556, 6 N. Y. Supp. 779.

In concluding, I may also say that in my opinion, owing to the man-

ner in which the property owned by Sage and Grant was acquired, held, and partitioned by them, similar easements over Ninety-Fourth street, east of First avenue, have attached, in favor of their grantees, of portions of the lands acquired by them from Roberts between First and Second avenues.

The motion to confirm is denied, and the report remitted to the commissioners for their further action in conformity with the views here expressed.    Ordered accordingly.