(Supreme Court, Special Term, New York County. May, 1901.)

1. OPENING STREETS—APPRAISEMENT—EVIDENCE.
    Commissioners of estimate and assessment, in determining the value of premises taken on opening street, may act on their own personal view, and are not concluded by the testimony of experts.

2. SAME—DAMAGES.
    Where fee is taken under authority of the legislature, the owner is entitled to substantial damages, though other parties have easements in such land.

In the matter of opening Trinity avenue from Westchester avenue to 166th street. Objections to the confirmation of the report of the commissioners of assessment. Objections overruled.

John Whalen, Corp. Counsel (John P. Dunn, Asst. Corp. Counsel), for City of New York.

William McArthur, for the motion.

Ernest Hall, for property owners.

John C. Shaw, opposed.

Gumbleton & Hottenroth, for certain objectors.

LAWRENCE, J. The counsel to the corporation declines to move for the confirmation of the report of the commissioners in this pro-

ceeding, and makes several objections to such confirmation.    Objections are also presented on behalf of certain owners of property proposed to be assessed herein.    The objections which are made by the counsel to the corporation are—First, that the awards made in connection with the parcels bounded by Trinity avenue and 156th street, and 165th and 166th streets, show that an erroneous principle of valuation must have been adopted; secondly, that the awards made for the intended regulation of the block between 161st street and 163d street were without jurisdiction on the part of the commissioners.    It is expressly stated in the brief filed by him that no objection is made merely upon the quantum of the awards.    On the block bounded by Westchester avenue and 156th street, Cauldwell avenue and Trinity avenue, the city objects to the award of $15,000 for parcel No. 1D to the Lebanon Hospital Association of the City of New York.    This award was made by the commissioners under the authority of section 978 of the consolidation act, continued by sections 979 and 980 of the Greater New York charter.    Section 978 provides that "if the said commissioners of estimate and assessment shall judge that such intended regulation will injure any building or buildings not required to be taken for the purpose of opening," etc., "they shall proceed to make, together with the other estimates and assessments required by the first above mentioned act to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of such intended regulation to the respective owners.    *   *   *"    It is conceded that these buildings formerly belonged to the Ursuline Convent, and were situated in the block of land bounded by Westchester avenue on the south, Cauldwell avenue on the west, 156th street on the north, and Trinity avenue on the east.    The lands of the Ursuline Convent extended about midway between 156th street and Westchester avenue.    The convent buildings, now the hospital buildings, abutted on the south on Westchester avenue, faced on the front on Cauldwell avenue, and the rear of the buildings faced Trinity avenue. Westchester avenue, Cauldwell avenue, and 156th street, bounding the block on which these buildings were situated, were laid out by the commissioners of Morrisania on a map filed by them in 1871, and the grades of those streets were laid down and established by said map.    Trinity avenue south of 156th street was not laid out at that time, on account, as it is alleged by the corporation counsel, of the difficulty of connecting it with Westchester avenue by suitable grades.    The buildings on this property were erected prior to 1858, and were consequently upon the property when the maps establishing the present grades of 156th street, Cauldwell avenue, and Westchester avenue were filed.    It appears from the testimony that Mr. Berry, the expert for the property owners, testified to a damage to the building of $29,498.98, and that Mr. Tarbox, for the city, testified to a damage of $15,000.    Upon referring to Mr. Tarbox's testimony, it will be found that he stated that his testimony depended upon the fact that he knew that no damages had been awarded in regulating and grading Westchester avenue and Cauldwell avenue. He apparently assumed that because the owners of the property

have not obtained damages in the two former proceedings they should obtain all their damages in this proceeding. This proposition is erroneous. It takes into consideration damages which are not confined to Trinity avenue, and which should have been included in other and independent proceedings. The expert for the owners of the property, however, testified that the damage to the buildings was, as above stated, $29,500. He did not base his estimate upon the failure of the commissioners in other proceedings to award damages for the laying out of other streets and avenues, or the acquisition of land therefor. The commissioners have adopted the lowest estimate of damage given by either of the experts. They are not bound by the testimony of either of those experts, and may act on their own personal view, and I must assume, therefore, that the sum awarded is, in their opinion, a fair and just estimate of the damages which will be sustained by the owners of the hospital buildings.

It is further objected by the corporation counsel that the property belonging to Clausen and others represented by Mr. Shaw has been awarded excessive amounts by the commissioners for the land taken for the opening of the avenue. There is no dispute that the legal title of the land for which the awards were made belongs to the parties to whom the commissioners have made the award, and there is no dispute either that, notwithstanding any easements which may have existed in those lands in favor of other parties, the owners of the fee are entitled to a substantial award. See In re Eleventh Ave., 81 N. Y. 436; Id., 49 How. Prac. 208; City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233. After examining the testimony in this case, I am not prepared to say that these awards are excessive. Nor do I think that the commissioners have erred in the amount which they have allowed to Newbury D. Lawton, the owner of the property designated as "Damage Lot No. 31" in this proceeding. In the case of City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, it was held that, where a fee is taken by legislative authority, the owner is entitled to substantial damages, notwithstanding there may be easements existing in favor of other parties in regard to such land. The objection made by the corporation counsel to the award allowed by the commissioners to the Rector, Churchwardens, and Vestrymen of the Church of the Holy Faith, being "Damage Parcel No. 32" on the damage map, I do not think can be sustained. It goes to the quantum of damage, and I am not satisfied that any erroneous principle is shown to have been adopted by the commissioners in making that award. My examination of the whole case satisfies me that no error in principle has been committed by the commissioners in making their report, and I therefore must overrule the objections made by the counsel for the city, and by Messrs. Gumbleton & Hottenroth, the counsel for various objectors, who have filed objections to the awards which have been made and the assessments which have been imposed. Draw order accordingly, and settle on two days' notice.

Ordered accordingly.