(36 Misc. Rep. 119.)

## In re OPENING OF EDGECOMB ROAD.

(Supreme Court, Special Term, New York County. October, 1901.)

1. MUNICIPAL CORPORATIONS—LAYING OUT STREET—DAMAGES.

Where a city lays out a street 80 feet wide through a strip of 100 feet, which is subject to right of way in favor of purchasers of lots in an adjoining tract of land, the owners of the remaining outside strips, 10 feet wide, on each side of the street as laid out, are entitled to an award, in view of the interest which they retain to prevent the use of such strips for street railways, telegraph lines, or pipe subways.

**2. SAME—AWARD TO CITY.**
    Under the consolidation act, and by the charter of. Greater New York
    of 1897 (chapter 378), an award is authorized to the city of New York
    for property owned by it and taken by it for a street; and that the
    property was first acquired by the city by condemnation for other pur-
    poses is immaterial.

**3. SAME—ASSESSMENTS.**
    The rule, as laid down by the charter of New York, that assessments
    shall be based on one-half of the value of the benefited property as found
    by the commissioners, can be applied to a street opening, where the fix-
    ing of the assessment had not been concluded .when the charter took
    effect.

In the matter ·of the opening of Edgecomb Road. Hearing on
objection to report of commissioners of estimate and assessment,
and on motion to confirm report as to certain awards. Certain
awards confirmed, and new assessment ordered as to other awards.

John P. Dunn and Thomas C. Blake, for city of New York.
Henry H. Man, for Spencer trustees.
James A. Deering, for certain property owners, in support of
awards.
John C. Shaw and F. A. Thayer, for objecting property owners.
Coleridge A. Hart, for respondent Sara W. Hart.

BISCHOFF, J.  The main dispute relates to the awards of the
commissioners designated as damage Nos. 12 to 52, objection to
the confirmation of these awards being raised both by the city and
by various property owners who are assessed for the improvement.
The lots abutting on the street at this point formed a part of what
is known as the "Jumel Tract," and the street itself, in width 80 feet,
takes its course over a strip 100 feet wide, which was subject to a
right· of way in favor of purchasers of a great number of lots laid
out and described with reference to a certain map made for the
purposes of a partition sale in the year 1881; the easement being
reserved in each conveyance delivered upon that sale.   Subject to
this easement, the fee to the center of the strip thus delineated was
conveyed to the purchaser of each lot; and the city in this pro-
ceeding has acquired the fee for the purposes of an 80-foot street,
leaving between the side of the street and the lot itself, in each
instance, a strip of some 10 feet still subject to the right of way.
The commissioners state in their report that in making awards for
these parcels they have followed the rule laid down in Re One
Hundred and Seventy-Third Street, 78 Hun, 487, 29 N. Y. Supp.
205, where it was held that the owners of lots under the Jumel sale
were entitled to more than a nominal award for the taking of land
for street purposes where this right of way existed.   The rule thus
declared by the court in the case cited proceeded upon the authority
of City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A.
413, 27 Am. St. Rep. 592, but no new principle touching the measure
of a substantial award in such a case was laid down.   With the fee
thus burdened, the right of the owner to prevent the use of the land
for street railways, telegraph lines, or the laying of pipes, taken with
the right of subsurface occupation, presents some matter of sub-

stance; and the courts have held, therefore, that the taking of the fee deprives the owner of something which has a value more than nominal (see City of Buffalo v. Pratt, supra), but no actual rule for estimating the amount which would represent proper compensation can, from the nature of things, be readily suggested. The elements which go to make up the owner's substantial right, in this situation, are nevertheless of small practical or intrinsic value; and, while no positive measure of their worth can be stated, common sense suggests that the value of the land thus burdened cannot possibly approach the value of land in possession, and free from any easement which would interfere with its ordinary improvement and occupation. Examining the different awards made in this proceeding, I find that the awards for these particular parcels are approximately equal to awards made for property similarly situated, but unburdened with any easements whatever. Taken by square feet, some of these awards are substantially in excess of the value placed by the commissioners upon lots in absolute ownership, and, while others are substantially less, the near approach to the stated value of an unburdened fee is so apparent in the estimate of the greater number of the awards now in question as to compel the conclusion that some erroneous principle has been permitted to affect the measure of damage applicable to these parcels generally. I feel bound, therefore, to hold that the report, so far, is properly assailed, and that there should be a re-examination of these awards,—Nos. 12 to 52. In other respects I find no ground for sustaining the objections made by the respective parties to this report.

The award to the city of New York for property owned by it and taken in the course of this proceeding is sanctioned by section 995 of the charter (Laws 1897, c. 378), as well as by section 980 of the consolidation act (Laws 1882, c. 410); and the fact that the property in question had been originally acquired for aqueduct purposes, in condemnation proceedings, does not appear to be material. The case is not within the rule which opposes the condemnation by one corporation of property theretofore acquired by another under the power of eminent domain, as stated in Re City of Buffalo, 68 N. Y. 177, and Re Central Park, 63 Barb. 282. This rule is merely for the protection and in the interests of the corporation first acquiring the property, where there would otherwise be a conflict of rights, and here the city does not oppose the condemnation of its lands. Moreover, the statute (Charter, § 995) makes no distinction as to the method whereby the city must have become possessed of the property in order to assert a right to compensation; and, it being clear that this property was acquired and held for a distinctly corporate purpose (1 Thomp. Corp. § 28), there seems to be no reason for holding that the matter is not fully covered by the provisions of the charter referred to. In Re Convent Ave., unreported, it appears from the order submitted by counsel that the point was simply whether the city could commence a proceeding to condemn lands for street opening during the pendency of a condemnation proceeding instituted by the aqueduct commissioners, and covering the same lands. This involved a dispute between certain public officials, so far as may be gathered;

and the fact that the property owners successfully opposed the double condemnation does not have any apparent bearing upon the question before me.

I find no reason for disturbing the awards made for parcels Nos. 11, 11a, 11b, 11c, and 11d, the objection to which on the part of parties interested in a reduction of assessments proceeds upon the theory that the land taken is subject to a right of way of the same extent as the Jumel easements. As to this property there is room for doubt whether the intention of the parties was to create an easement greater than a right of way of necessity, and in some aspect there was a question of fact, for the commissioners, touching the existence of the easement. I cannot assume, therefore, that any error of principle entered into the making of these awards.

For the respondent Mrs. Hart it is claimed that the award for her property, taken with the assessment imposed, results in an inequality when compared with the award and assessment in other instances; and the further point is made that the assessment is wrong in principle, because based upon one-half the value of the property as found by the commissioners, rather than upon one-half of the assessed valuation for taxation. The former method is authorized by the charter, and since it appears that the proceeding, at least for the fixing of assessments, was pending after the date when the charter took effect, and there being no ground for assuming that the commissioners had wholly concluded their examination of the evidence before that time, the rule prescribed by the charter could properly be applied. In re Whitlock Ave., 51 App. Div. 436, 64 N. Y. Supp. 717.

So far as this objecting party relies upon an inconsistency in awards by comparison with awards for parcels in the Jumel tract, the point becomes immaterial, in view of my conclusion that the latter awards are excessive, and a discussion of the relative assessments for benefit upon this and other property would be unnecessary, for all assessments will be subject to change, as the result of my conclusion as to those awards.

Awards Nos. 5, 5a, 6, 7, 8, 9, 10, 11, 11a, 11b, 11c, 11d, 53, 54, and 55 are confirmed. In view of the fact that two of the commissioners are now holding public office, new commissioners will be named to consider awards Nos. 12 to 52, and to make new assessments upon the reduction of such awards, and for this purpose the report will be referred to them for examination.

Ordered accordingly.