Aimee J. Marx, Appellant, *v.* Edison Electric Illuminating
Company of Brooklyn, Respondent.

Second Department, June 9, 1922.

Assault — highways — action for assault on abutting owner by employees
of defendant while setting pole in street — pleadings — complaint,
considered with admissions in answer, sufficient — unnecessary to
allege more force used than necessary where wrongful assault in per-
formance of illegal act pleaded — evidence — defendant should have
pleaded and proved its authority, if any, for its acts — nonsuit improper
— plaintiff's testimony that she owned premises sufficient prima facie
evidence of ownership — mere abutter entitled to protection as to
easements in street — such easements constitute property — any
citizen entitled to object to unlawful interference with highway.

A complaint in an action for assault upon an abutting owner committed by the ·
employees of the defendant while engaged, without right or authority, in setting
a pole in the street in front of the plaintiff's premises is sufficient, although it
fails to allege that the assault was intentional and willful; that it was committed
by the defendant's servants in the course of their employment; that defendant
was erecting the pole wrongfully and without authority, and that more force
was used than necessary, where the answer admits that the street was a public
highway and that, on the day in question, the defendant's servants had dug a
hole in the highway and were engaged in erecting a pole therein.

A wrongful assault committed in the performance of an illegal act having been
pleaded, it was unnecessary to allege that more force was used than necessary.

A nonsuit in such an action was improper where the plaintiff having proved the
excavation of the hole in the highway and the defendant, admitting its respon-
sibility therefor, and that it was erecting poles in the street, failed to show any
permit or justification for such action, although the evidence of the plaintiff's
ownership consisted merely of her testimony that she found the men digging in
front of " my house; that I and my husband owned."

*It seems,* that a mere abutter, with no ownership in the bed of the street, is entitled
to protection as to certain easements in the street. They constitute property,
of which neither the Legislature nor a municipality can deprive him without
compensation.

*It seems,* that any citizen has a right to object to unlawful interference with a
public highway.

Appeal by the plaintiff, Aimee J. Marx, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Kings on the 15th day of June, 1921,
upon the dismissal of the complaint by direction of the court at
the close of the plaintiff's case.

*Alfred M. Bailey* [*Jacob Marx* with him on the brief], for the
appellant.

*Carl A. Rood* [*John D. Monroe* with him on the brief], for the
respondent.

KELLY, J.:

The complaint charged that plaintiff was the owner of a one-half interest in certain premises on Hemlock street, a public highway in Brooklyn, and that on June 4, 1917, the defendant corporation, which was engaged in erecting poles in the street, through its agents and servants dug a hole in the street in front of plaintiff's premises; that when defendant attempted to place a pole in the hole so excavated the plaintiff protested that they had no right or authority so to do, and refused to permit such erection; that she endeavored to prevent the erection of the pole and placed one of her legs in the hole, and that the agents and servants of defendant in their endeavor to erect the pole against her objection assaulted her and forced the pole into the hole on the plaintiff's leg, fracturing the bone, bruising her about the body and permanently injuring her. The defendant in its answer admits, by failure to deny the allegation, that Hemlock street was a public highway and that on the day in question through its agents and servants it had excavated a hole in the highway in front of the premises described and was in the act of erecting poles in the street. It denies knowledge or information sufficient to form a belief as to plaintiff's ownership of the abutting property, and upon information and belief denies the allegation containing the charge that plaintiff's servants while engaged in the work assaulted and injured plaintiff. The defendant does not plead any statutory right to erect poles in the public highway or any permit from the municipal authorities to excavate holes or to erect poles in the street. The learned trial justice denied a motion for nonsuit made by defendant at the opening of the case upon the ground that the complaint failed to state a cause of action. The plaintiff testified that the house abutting the highway at the point where the hole was excavated and where the assault took place was occupied. She was asked whether she was the joint owner with her husband of the premises, but defendant's objection to the question upon the ground that it was not the best evidence was sustained. Immediately thereafter she testified without objection that defendant's servants dug the hole in front of " *my* house; that I and my husband owned." She testified to her protests and objections. She asked them by what authority they were erecting the pole and they told her " the city had given the Edison people the privilege to put the pole in there." They showed her a blueprint but she told them it was not a permit, and called their attention to the fact that they were not placing the pole at the place indicated on the blueprint. They said: " That is where we are going to put it, in where we started it." She then testified

to her efforts to prevent them from placing the pole; that she asked the opportunity to telephone to her husband, which was granted her. She came back and renewed her efforts to prevent the placing of the pole by sitting on the ground with her legs in the excavation. She asked them to get a police officer and a policeman was summoned who announced his decision: "You are both right, and the men are doing what they are paid to do and you are protecting your property," and he refused to interfere. She says defendant's employees beat her and punched her so that she was black and blue and covered with bruises and finally put the butt end of the pole in the hole or excavation where her legs were placed, thus pinioning her there so that she was held for nearly half an hour. She was finally lifted from the hole by two citizens who came to her assistance and was taken home in an automobile. She testified that she was confined to her bed by reason of her injuries for six weeks, and thereafter went about on crutches and with a cane for a long time. She testified to continued pains and aches to the day of the trial, three years after the occurrence. She was corroborated by several witnesses, residents in the neighborhood. The plaintiff, reserving the right to call the physician who attended her, rested her case, and the defendant moved for a nonsuit upon the ground that plaintiff had failed to prove the cause of action alleged in the complaint or any cause of action. After argument, which is not set out in the record, the learned trial justice granted the defendant's motion.

The defendant, respondent, contends that the complaint is insufficient because it "a. Fails to allege that the assault was committed by the defendant, its agents or servants, either intentionally, wilfully or knowingly. b. Fails to allege that the assault was committed by the agents or servants of the defendant in the course of their employment, or in pursuance of any authority given by defendant, or while acting in defendant's interest. c. Fails to contain any allegation that defendant was erecting the pole in front of plaintiff's premises wrongfully and without authority, and in further failing to allege that any more force was used than was necessary to accomplish the lawful purpose of erecting the pole." Defendant contends that there was no proof and that it cannot be assumed that defendant had delegated any such discretion to the workmen as would render defendant liable for an assault committed by them, and that plaintiff was a trespasser and defendant's employees could use lawfully all the force necessary to overcome her resistance in interfering with the work.

Considering first, defendant's objections to the complaint, that

it fails to allege an intentional or willful assault by defendant, its agents or servants, that it fails to allege that the assault was committed by defendant's servants in the course of their employment, and that there is no allegation that the erection of the pole was wrongful or without authority or that more force was used than was necessary to accomplish a lawful purpose, I think the learned trial justice was right in his denial of the motion to dismiss the complaint upon the ground that it failed to state a cause of action. The defendant in its answer admits that Hemlock street was a public highway and that on the day in question defendant through its agents and servants had dug a hole in the highway and was engaged in erecting a pole therein. The defendant was responsible for the actions of its servants engaged in the performance of the defendant's work. It is admitted that they were there representing defendant and their acts in endeavoring to erect the pole were defendant's acts. The complaint charges that defendant had no right or authority to erect the pole in the public highway. I think the complaint was sufficient. A wrongful assault in the performance of an alleged illegal act having been pleaded, it was unnecessary to allege in the complaint that more force was used than was necessary.

As against the nonsuit it seems to me that plaintiff having proved the excavation of the hole in the highway, the defendant having admitted its responsibility for the excavation and that it was engaged in erecting poles in the street, was called upon to show some permit or other justification for its interference with the public way. It might have pleaded or proved authority from the State or the municipality to interfere with the street. Any hole or obstruction in a highway is illegal and a nuisance unless authorized by law. (See Penal Law, § 1530.) The complaint alleges that the defendant is a corporation. So far as appears from the name itself, it is not a " telegraph or telephone corporation " authorized in some cases to erect poles or wires in a public highway, and even such corporation must obtain the consent of the municipality and make compensation if easements are interfered with. (Transp. Corp. Law, § 102.) If the defendant has any statutory authority or municipal permit to dig holes in and erect poles in the public highways of the city it is not pleaded in the answer nor is it referred to in the record. While the proof of plaintiff's ownership of the abutting property was not by the production of the title deeds and while we do not know whether she owned the fee in the street subject to the public use, she testified without objection that she found the men digging the hole in front of " my house; that I and my husband owned." As against a nonsuit in a case of this

description I am inclined to think that there was some evidence of ownership of the abutting property. " The mere abutter, with no ownership in the bed of the street, is entitled to protection against an interference with certain easements in the street. They constitute property, of which neither Legislature, nor municipality, can deprive him without compensation." (*City of Buffalo* v. *Pratt*, 131 N. Y. 293, 298.) But it seems to me that any citizen has a right to object to unlawful interference with the public highway and that on the evidence here the plaintiff was entirely within her rights in her demand to see the alleged permit under which the defendant was proceeding. In the absence of any permit or statutory authority to the defendant to so interfere with the public street, and no such permit or authority is pleaded nor does it appear in the proof, I think the plaintiff made out a *prima facie* case and that it was error to dismiss the complaint.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

RICH, MANNING and KELBY, JJ., concur; BLACKMAR, P. J., concurs in the result.

Judgment reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event.