In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Purpose of Opening and Extending West 6th Street and West 8th Street, from Surf Avenue to the Public Park, etc., in the Borough of Brooklyn, etc. THE CITY OF NEW YORK, Appellant, Respondent; WEST TENTH STREET REALTY CORPORATION and CHARLES L. FELTMAN and ALFRED FELTMAN, Respondents, Appellants.— Final decree as to awards for damage parcels 116, 116A and 116B reversed upon the law, the awards, in so far as appealed from, set aside, without costs, and the proceeding remitted to Special Term for a new trial or hearing as to said damage parcels. We are of opinion that the learned trial court based the awards for damage upon a wrong theory. Respondent, appellant, West Tenth Street Realty Corporation, is entitled to substantial damages for the taking of the fee of damage parcel 116, but only such as may be measured by the value of the land subject to the private easements created by the agreement entered into between its predecessor in title, Sea Beach Land Company, and respondents, appellants, Feltman, on the 11th day of January, 1911. (*Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203; *Matter of City of New York* [*Titus Street*], 152 id. 752; *Matter of City of New York*, 74 id. 197; affd., 174 N. Y. 26; *Matter of Ninety-fourth Street*, 22 Misc. 32; *Matter of Edgecomb Road*, 36 id. 119; *Matter of One Hundred & Sixteenth St.*, 1 App. Div. 436; *Matter of City of New York* [*Roosevelt Avenue*], 186 id. 457; *Matter of City of New York* [*Sedgwick Avenue*], 213 N. Y. 438; *Boston Chamber of Commerce* v. *Boston*, 217 U. S. 189.) Respondents, appellants, Feltman are entitled to compensation for such damage as they may have sustained by reason of the taking of their rights under the said agreement. This rule is to be applied in the light of the fact that, by this proceeding, West Tenth street is converted from a private to a public road. Neither claimant, appellant, is entitled to consequential damages. We are further of opinion that the incorporeal estate in the land embraced in damage parcel 116, granted by the agreement, was not limited in duration to the time that title to said damage parcel vested in the city of New York. The agreement provides for no limitation to the easement created by the agreement "in said road in perpetuity." (See *First Reformed Dutch Church* v. *Croswell*, 210 App. Div. 294; appeal dismissed, 239 N. Y. 625.) Further, the easement created by the agreement affects all the land embraced in damage parcel 116. It was clearly the intention of the parties that the easement created by the agreement should cover all land between Surf avenue and the high-water line, wherever the same may be. (*Matter of City of Brooklyn*, 73 N. Y. 179. See, also, *Yates* v. *Van De Bogert*, 56 N. Y. 526.) Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.