In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose, to the Real Property Required for the Opening and Extending of Northern Boulevard (Broadway-Jackson Avenue), from Auburndale (Cemetery) Lane to the Easterly Boundary Line of the City of New York, Subject to the Rights, if Any, of the New York and North Shore Traction Company, in the Borough of Queens, City of New York, as Amended, etc. THE CITY OF NEW YORK, Appellant, Respondent; SAMUEL CARLSON and ABRAHAM BARGER, Copartners, etc., Appellants. TWINBORO CORPORATION and Others, Respondents.—

Upon appeal by the City of New York, decree modified as hereinafter indicated, and as so modified unanimously affirmed, without costs. The award for parcel damage No. 199L is modified so as to award the nominal sum of six cents for such rights as may exist in the General Contracting and Building Company, which conveyed the abutting lot without including this parcel, and the reservation of such right by said grantor amounted to nothing more than a naked or barren right. (*Matter of City of New York* [*Roosevelt Ave.*], 186 App. Div. 457, 462, and cases cited.) The awards for parcels damage numbers 324E and 324F are modified so as to award the nominal sum of six cents for such rights as may exist in unknown owners, the said two parcels lying within the intersecting street beds of Northern boulevard and East Hampton road. All other parcels similarly situated were awarded nominal sums only. There are no known owners for these parcels, nor does any one purport to represent them on this appeal. Evidently an inadvertence was committed in the making of said awards. We are not satisfied that full unincumbered fee value was awarded for damage parcels alleged to be burdened with private easements. The owners of such parcels were entitled to substantial damages. (*City of Buffalo* v. *Pratt*, 131 N. Y. 293, 299; *Matter of City of New York* [*Sedgwick Ave.*], 213 id. 438, 446, approving dissenting opinion of Laughlin, J., 162 App. Div. 247; *Matter of City of New York* [*E. 177th Street*], 239 N. Y. 119; *Rasch* v. *Nassau Electric Railroad Co.*, 198 id. 385.) The nature of the private easements here involved was not of sufficient dominance to seriously disturb or impair the value of the servient occupants. Such dominant tenants had full and unobstructed access and egress to and from the old highway before the widening and were not obliged to utilize any of the strip taken in front of any adjoining portions of the land condemned. The city appellant does not complain that the awards as made were excessive, but contends that the awards should have been nominal only because the lands were burdened with private easements. We are of opinion that this contention should not prevail. Nor are we enabled from this record to say that the trial court did not consider the private easements in computing the awards. Upon appeal of claimants Carlton and Barger, copartners, from awards made for parcels damage numbers 337, 339 and 341, decree reversed upon the law and the facts, with costs of this appeal, and a new trial granted. The refusal to make any award for parcels damage numbers 337 and 339, and the award of six cents for parcel damage number 341, constitute an erroneous disposition of the issues. The claim of dedication by reason of the covenant in the deed to the New York and North Shore Traction Company cannot be sustained, and even had there been a dedication it would have been insufficient without an acceptance. A consideration may be given upon the new trial to the existence of the two easements of necessity for the abutting property to the south of the right of way, and if the facts show their existence, a suitable allowance therefor in computing the award should be made. The contention that the land in these parcels has been forfeited by the abandonment of the railroad company cannot be upheld, as the termination of the franchise gave to the city only the "tracks and equipment." Such "tracks and equipment" include the bridge over Alley creek, for which there can be no award. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.