been the preconceived design to obtain the money and appropriate it to their own use, with intent to defraud their creditors of it, in order to make the act fraudulent. The most that can be said in favor of the appellants' position is that the proof would have supported a finding either way, and, such being the condition, we are required to give effect to the determination of the court below.

It is insisted, however, that the assignors are not entitled to credence—First, for the reason that a false entry was made in the cash book of the $800 item, it being charged to merchandise instead of to cash (the assignor making the entry testified that it was made after the assignment, and was so entered by mistake); second, that the testimony given in proceedings supplementary to execution showed that the testimony given upon this trial is in fact false; and, third, that there was failure to produce books and checks. Neither the false or mistaken entry in the book, nor the contradictory statement between the testimony given upon the trial and that given upon the examination, furnished conclusive evidence in favor of the appellants. They were both circumstances for the consideration of the court in reaching a result, but they were not necessarily controlling circumstances. The court was entitled to consider them as satisfactorily explained, and such conclusion would be authorized. The failure to produce the checks and books was sufficiently answered by the occurrence of the fire which destroyed some, and the drenching by water which mingled some of the papers and books with other matter in such form as to work their destruction.

No other question is presented that seems to require discussion. It follows that the judgment should be affirmed, with costs. All concur.

---

### In re OPENING OF WHITLOCK AVE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—BENEFITS—ASSESSMENT
   —INTEREST.
     Interest cannot be allowed on assessment for benefits in proceedings for the opening of a street, as authorized by Greater New York Charter, § 990, where the proceedings were instituted under the consolidation act before the charter took effect, though continued after the enactment of the charter.

2. SAME—GREATER NEW YORK CHARTER—PROCEEDINGS—EFFECT—EVIDENCE.
     New York Consolidation Act, § 981, provides that street-improvement commissioners shall make assessments for benefits against abutting property according to the value of the property as fixed by the tax commissioners for the previous year, and Greater New York Charter, § 980, authorizes such commissioners to fix the assessment at one-half the value of the property benefited as valued by them. Held, that where street-opening proceedings were begun under the consolidation act, but the evidence, hearing, and determination were not complete until after the charter took effect, proceedings relative to the assessment were governed by the charter, and hence the commissioners were not bound by the value of the tax commissioners, but were entitled to make assessments according to their own valuation, as determined from the evidence introduced.

3. SAME—BENEFITS SUBSEQUENTLY ACCRUING.
     Since assessments for benefits for street improvements are within the general taxing power of a city, an assessment was not invalid by reason

of the fact that it included benefits accruing after the date at which title to the property taken for which the assessment was made vested in the city.

**4. APPEAL—RECORD—COSTS.**

Where an order modifying an assessment of benefits of street improvements, including an allowance for costs and expenses appealed from, makes no mention of such subject, and no direction was given by the court respecting it, it cannot be reviewed.

Appeal from special term.

Application by the mayor, etc., of the city of New York, to acquire title to lands for the opening of Whitlock avenue. From an order denying a motion to confirm the report of commissioners' estimate and assessment (62 N. Y. Supp. 45), the city appeals. Order modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

John P. Dunn, for appellant.

B. E. V. McCarty, for respondents.

PATTERSON, J. The city of New York appeals from an order made at special term denying a motion to confirm the report of the commissioners in the above-entitled matter, and sending such report back to them for correction in certain particulars. The proceeding was begun in the year 1894. The commissioners were appointed in August, 1895. The proceeding was then regulated and controlled by the provisions of the consolidation act, and continued to be so controlled until January 1, 1898, when the Greater New York charter went into operation. Title to the land to be taken for the purposes of the street vested in the mayor, aldermen, and commonalty of the city of New York in March, 1896, by virtue of a resolution of the board of street opening passed in October, 1895. The commissioners took testimony on behalf of property owners and of the city at various times until February, 1897, and it appears that they closed the preliminary hearings at that time, but subsequently, and on June 22, 1899, the respondents introduced a stipulation as to the valuation of properties assessed made by the tax commissioners for the years 1895, 1896, and 1897, and that was received by the commissioners in evidence. The commissioners met in executive session, and determined as to their damage awards, on the 5th of April, 1897, and on the 9th of April, 1897, they adopted an area of assessment for benefit. They held no session between April 9, 1897, and January 14, 1898. On the last-named day they directed that a plan of assessment for benefit be ready for them on January 18, 1898, on which day they considered such a plan, which had been prepared and submitted to them, and at subsequent dates in January, 1898, they met in executive session, and considered the assessment for benefit. In March, 1898, they considered their preliminary report, and also a revised plan of assessment for benefit. On March 26, 1898, they signed their preliminary estimate. On May 20, 1898, they instructed the clerk to file their preliminary estimate, which was done on the 26th of May, 1898. Objections were taken to the preliminary estimate, and at various times from June, 1898, to June, 1899, the commissioners

held meetings to consider such objections, and at the last-named date the stipulation above referred to as to the tax commissioners' valuations was put in evidence. On June 22, 1899, the commissioners filed their final report, in which, referring to the awards for damage, they state:

"We further report that we have included in our awards, as part of the compensation, interest on said awards from the date of the vesting of title in this proceeding to the date of this, our report, pursuant to section 990 of the Greater New York charter, and that we have included in our assessment for benefit this amount of interest."

They also state:

"We further report that in no case have we exceeded, in our assessment for benefit, one-half of the value of the lot assessed as valued by us, and have not considered our authority to assess to be limited to one-half of the value of the said lots as valued by the tax commissioners of the city of New York."

Included in the estimate for benefit are the costs, expenses, and charges incurred in the proceeding after the date of the vesting of title in the city.

In disposing of the motion to confirm the final report of the commissioners, the court, in the order appealed from, held that the interest computed by the commissioners for compensation for properties taken in the proceeding, and included by them in the assessment for benefit, should have been omitted therefrom. In this respect the order appealed from was properly made. We held in Re Mayor, etc., of City of New York (decided March 9, 1900) 63 N. Y. Supp. 468, that questions respecting the allowance of interest upon awards to owners of land taken in street-opening proceedings could only arise upon original proceedings instituted under the provisions of the Greater New York charter,—that is to say, since the 1st of January, 1898,—and that the provisions of section 990 of that charter, relating to interest on such awards, do not apply to proceedings instituted under the consolidation act.

In the order appealed from it is also provided (in its second direction) that the assessment for benefit in the commissioners' report in excess of the amount limited to one-half of the valuation of the tax commissioners, as prescribed by the consolidation act, be omitted therefrom. That provision is a determination that the power of the commissioners was limited by section 981 of the consolidation act, which confined them to an assessment for benefit of one-half the value of the property, as that valuation was fixed by the tax commissioners the previous year (1898). By this ruling the question is directly raised as to the applicability to this proceeding of section 980 of the Greater New York charter, which authorizes the commissioners in street-opening proceedings in assessing for benefit to fix the assessment at one-half the value of the property benefited, "as valued by them." The appellant contends that the rule of the Greater New York charter should apply, while the contrary is insisted upon by the respondents. Both parties appear to rely upon what was decided by this court in Re Opening of East 169th St., 58 N. Y. Supp. 100, as authority for their respective positions. In that case it was held, in substance, that where a proceeding of this character was

initiated under the consolidation act, but was continued after the Greater New York charter went into effect, the rule under that charter would govern the commissioners, had it gone into effect prior to their action under the earlier rule, but that, where the earlier rule had been fully applied prior to the change effected by the charter, then that new rule was inoperative. In that case it was found upon the facts that the commissioners had taken and considered all the testimony presented to them under the earlier rule, and had given judgment upon that testimony, subject merely to correction "for error or mistake in weighing or applying it," and it was also held that the preliminary abstracts of estimate and assessment constituted the evidence of the commissioners so having acted upon and applied the rule. There the preliminary abstracts of estimate and assessment were filed on the 22d day of December, 1897, and in speaking of that case it was said by this court in Re Mayor, etc., of City of New York, 46 App. Div. 56, 61 N. Y. Supp. 437, that, if the formal action of the commissioners had taken place after the new charter took effect, it would have been the duty of the commissioners to apply the rule as laid down by the new charter, and not as laid down by section 981 of the consolidation act.

It cannot be said, from the facts as they appear upon the record before us, that the commissioners in this proceeding had considered the testimony before them as to assessments for benefit, passed upon it, and formed their judgment respecting it, before the Greater New York charter went into effect. Their deliberations respecting the plan of assessment for benefit were continued until March 26, 1898, when they signed their preliminary estimate, which was not filed until the 26th of May, 1898. It was not until the last-mentioned date that their action partook in any respect of the nature of a determination or judgment, subject to correction only, "for error or mistake in weighing or applying" the testimony. In this view, we think it was error for the court below to hold that the provisions of the consolidation act controlled this proceeding.

An argument has been made by the respondents respecting the unconstitutionality of the provision of law which would allow, in the making of an assessment for benefit, the taking into consideration of any benefit accruing after the date at which the title vested in the city; but we regard this case as falling within the recognized principle of law that assessments for benefit in improvements of this character are within the general power of taxation. People v. Mayor, etc., of City of Brooklyn, 4 N. Y. 419; In re Van Antwerp, 56 N. Y. 261; Litchfield v. Vernon, 41 N. Y. 123.

The subject of the allowance of costs and expenses of this proceeding, being included in the estimate of benefit, is not properly before this court. The order appealed from makes no mention of that subject, and no direction was given by the court below respecting it. The city is the only appellant, and nothing is before us but what is brought up by its appeal.

The order appealed from should be modified by striking out the provision numbered second therein, and as modified should be affirmed, without costs. All concur.