1. CONDEMNATION PROCEEDINGS—BENEFITS—ASSESSMENT.
   Laws 1897, c. 378, control condemnation proceedings of the city of New York where the preliminary report of commissioners was filed after January 1, 1898, and the commissioners, therefore, may, under section 980 thereof, assess the benefit on premises along the line of the improvement to the extent of one-half their value as determined by the commissioners.

2. SAME—INEQUITABLE APPORTIONMENT.
   In condemnation proceedings in the city of New York in one instance property of a certain value was assessed on both sides of the improvement 30 per cent. more than the cost of the improvement, and in another case where property was taken it was assessed only 90 per cent. of the cost of the improvement. Held, that the assessments are inequitable, and will be set aside.

In the matter of acquiring title to Townsend avenue, in the Twenty-Fourth ward, city of New York. Objections to confirmation of report of commissioner of assessment. Objections sustained.

John Whalen, Corp. Counsel (John P. Dunn, Asst. Corp. Counsel), for city of New York.

John C. Shaw, for Astor estate.

Gumbleton & Hottenroth, for objectors.

LAWRENCE, J. There are only two objectors to the confirmation of the report in this proceeding. Messrs. Gumbleton & Hottenroth, who appear for Morris B. Schurck, object to the assessment levied upon premises indicated as "No. 39" on the benefit map, on the ground that the commissioners have no authority to assess said property for more than one-half its tax valuation as fixed on the date of vesting the title in this proceeding, to wit, September 6, 1897. It is conceded that the proposed assessment on this parcel is $550.50, and that its tax valuation in 1897 was $500. It is therefore contended that the commissioners have no authority to impose a greater

assessment than $250, being limited by section 981 of the consolidation act (chapter 410, Laws 1882) to assessing only one-half of the valuation of the property as valued by the tax commissioners. This objection cannot be sustained, for the reason that it has frequently been held that in any street-opening proceeding pending when the charter of Greater New York took effect the commissioners were limited in their assessments by the provisions of the consolidation act only in cases where the preliminary report had been filed before the charter took effect, and that in all other proceedings the new provisions of the charter would govern. In re Whitlock Ave., 51 App. Div. 436, 64 N. Y. Supp. 717; In re East 175th St., 49 App. Div. 114, 63 N. Y. Supp. 468. It is also conceded that in the present proceeding the commissioners filed their preliminary report on December 9, 1898, and I agree with the counsel to the corporation that the proceedings were, therefore, governed by the provision of Greater New York Charter, § 980, which provides that such commissioners shall "in no case assess any house, lot, improved or unimproved lands, more than one-half the value of said house, lot, improved or unimproved land, as valued by them." Inasmuch as it appears that the property in question amounted to at least two city lots, which are worth $1,000 apiece, it is apparent that the provision of the charter of Greater New York has not been violated. The objections filed to the assessments levied on lands belonging to the trustees of Astor relate to benefit numbers 12, 22, 24, 25, and 26. It appears that this tract of land has a frontage on Jerome and Walton avenues and 171st street, and that the awards for the lands which are taken make a total of $8,610.20, while the assessments against the remaining property aggregate the sum of $10,146.75. It is objected by Mr. Shaw, who appears for the Astor trustees, that the assessment on its face is inequitable as made up by the commissioners, not only with regard to the Astor property, but with regard to other parcels of property along the line of the improvement; and a tabulated statement of the awards by blocks, and the assessments on the adjoining property by blocks, running from Townsend avenue to the easterly and westerly side of the area of assessment, on both sides of the improvement, is presented by him. From that statement, which is justified by the papers presented, it appears that there were some buildings taken, which were situated upon the block between 172d street and Belmont street, and that the amount of the award is $5,763.81. Of this amount the commissioners assessed one-third upon the city, amounting to $1,921.72, leaving $3,842 of the awards for buildings to be assessed along the line of the improvement. It also appears that all the property between 170th and 171st streets, which is taken in this proceeding, is awarded the sum of $7,131.67, and that the total amount assessed on either side of the improvement, from Townsend avenue to the outer area of assessment on both sides of the improvement is $9,179.56, or $2,047.89 more than the actual cost of the improvement. On the next block it appears that a small piece of property owned by the Astor trustees is taken, for which an award has been made of $1,515.30. The total awards on that block are $8,691.95, and the commissioners have assessed upon the property on

either side of the improvement $8,178.91, so that where, in the one instance, they paid $7,131, they assessed back on both sides of the improvement $9,179, while in the other instance, where they paid $8,691, they assessed back on both sides of the improvement $8,178; that is, in one case they assessed about 30 per cent. more than the cost of the improvement, while in the other case they assessed only 90 per cent. of the cost of the improvement.   On the block between 172d and Belmont streets it appears that the total land damages amount to $21,563, and that the assessments on both sides of the improvement, from Townsend avenue to the outer edge of the area of the assessment, is $17,287, being a little less than 80 per cent. of the land damages.   This does not include $3,842, the amount of the award for buildings, which is left to be assessed after the assessment upon the city of $1,921, being one-third of the award for the said buildings; and, adding this $3,842 to the land damages, there is a total of $25,405 awarded to the owners of property taken, while these blocks were only assessed $17,287, not quite 70 per cent. of the cost. I agree with the counsel for the Astor trustees that the rule of apportionment for benefit along the line of the improvement is, therefore, irrational, inequitable, and unjust, and it seems to me that the court is bound, under such circumstances, to send back the report for revision and correction.   In other words, while I fully recognize that, upon questions of benefit and damage, the commissioners' report is entitled to more respect than the verdict of a jury, it seems to me that the apportionment that has been made of the assessments along the line of this improvement are violative of principle, and ought not to be sustained.   Draw order accordingly, and settle on two days' notice.

Ordered accordingly.