---

## In re TRINITY AVE.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. MUNICIPAL CORPORATIONS—FIXING GRADE OF STREET—DAMAGE TO ABUTTING OWNER—ASSESSMENT.

New York Consolidation Act (Laws 1882, c. 410) § 978, and Greater New York Charter (Laws 1901, c. 466) § 980, provide that in assessing damages from street improvements, if the commissioners of estimate and assessment shall judge that any intended regulation will injure buildings not required to be taken, they shall make an estimate of the damage "which will accrue in consequence of such intended regulation." Greater New York Charter, § 988, requires an appeal from a confirmation of the commissioners' report to be determined on the merits. On such an appeal it appeared that the commissioners had awarded $15,000 to a hospital as damages from the lowering of the

grade of an adjoining street. Access to the hospital was obtained by stairs from another street, which had already been graded, but also to some degree over land fronting on the street to be graded. The only evidence before the commissioners was the testimony of an expert that it would cost about $30,000 to lower the buildings. *Held* that, though some substantial damage was done to the buildings, yet as it was apparent that the amount awarded was either based on an erroneous principle, or without foundation, the order confirming the report should be reversed.

2. SAME—DEDICATION OF LAND TAKEN—EFFECT.

New York Consolidation Act, § 978, and Greater New York Charter, § 980, provide that, if the commissioners of estimate and assessment shall judge that any intended regulation will injure any building not required to be taken for the purpose of opening, etc., a street, they shall make an estimate of damages, etc. *Held* that, as it was the purpose of the statute to make a separate award for incidental injuries to buildings not taken, the dedication, by an owner of such buildings, of the land taken for the street, was not a waiver of his right to compensation for damage to the buildings.

3. SAME—LAND INCUMBERED WITH EASEMENTS—DIVISION OF AWARD—CITY'S RIGHT TO COMPLAIN.

Where, on appeal from an order confirming the report of commissioners of estimate and assessment. as to the damages from the grading of a street, the city does not claim that the total amount awarded a certain owner is excessive. it cannot complain that, in view of the fact that the owner's land taken for the street was incumbered by easements, the award should have been apportioned between the owner and the owners of the easements, instead of being made solely to the former.

Van Brunt, P. J., dissenting in part.

Appeal from Special Term, New York county.

Proceedings by the city of New York to acquire lands for the opening of Trinity avenue. From an order (71 N. Y. Supp. 24) confirming the report of commissioners of estimate and assessment awarding damages to the Lebanon Hospital Association, George C. Clausen, and Newberry D. Lawton, the city appeals. Reversed as to the award to the hospital.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Ernest Hall, for respondents.

PATTERSON, J. This is an appeal from an order made at the Special Term, confirming the report of commissioners appointed in a proceeding instituted by the city of New York to acquire lands, tenements, and hereditaments required for the purpose of opening Trinity avenue from Westchester avenue to East 166th street, in the Twenty-Third Ward of the city of New·York. Written objections were presented to the report of the commissioners by the city of New York and by other parties. In addition to those objections, the commissioners received evidence and heard counsel upon others not included among those stated in writing, and all the objections seem to have been considered by· the learned justice at Special Term on the motion to confirm the report of the commissioners.

In proceedings of this character it has been the uniform practice

of the courts to consider only such objections as were properly and distinctly formulated. Section 984 of the consolidation act (Laws 1882, c. 410), under which act this proceeding was begun, which is substantially the same as section 981 of the Greater New York Charter (Laws 1901, c. 466), provides that all persons interested in such proceedings, or in any of the lands affected thereby, having objec-tions thereto, shall file the same in writing with said commissioners within 20 days after the first publication of said notice. Strict ob-servance of the requirements of this statute would confine our review of the action of the commissioners in this proceeding to the written objections filed, but inasmuch as the commissioners have taken cognizance of the other objections, and passed upon them, and the court at Special Term has also considered and passed upon them, we will examine all of any importance, without intending by so do-ing to decide that any of the parties to such a proceeding have the right to be heard on appeal upon any objections other than those presented in conformity with the express requirement of the statute.

First. The commissioners made an award of $15,000 to the Le-banon Hospital Association for damages to buildings belonging to that association. This award is challenged by the appellants. Those buildings are situated upon land marked as "Parcel 1D" on the dam-age map, and on the benefit map are marked "Parcels 255 to 270, 316 to 330." The damages were awarded pursuant to the provi-sions of section 978 of the New York consolidation act and section 980 of the Greater New York Charter, which provide that, if the commissioners of estimate and assessment shall judge that any in-tended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straight-ening, or improving a street or part of a street, they shall proceed to make, together with the other estimates and assessments required by law to be made by them, a just and equitable estimate and assess-ment of the loss and damage which will accrue in consequence of such intended regulation to the respective owners, lessees, parties, and persons respectively entitled unto or interested in the said build-ing or buildings so to be injured by the said intended regulation, and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report. The evident purpose of this provision of the statute is to furnish compensation to the owners of buildings affected injuriously by a street improvement when the land upon which such buildings stand is not actually taken by a proceeding in eminent domain. The statute does not require that there shall be actual physical injury done to such buildings, but contemplates, among other things, that easements such as of light, air, or access may be impaired or de-stroyed in such a way as to render the buildings less valuable than they otherwise would be. It is damage by intended regulation for which compensation is to be made. By intended regulation in this case is meant the establishment of the permanent grade of Trinity avenue as it will be after the work of opening that avenue is com-pleted. The evidence shows that on the projected Trinity avenue on the east of the hospital premises the opening of the street will

require a cut varying in depth from 17 to 20 feet below the present natural surface of the land.

It was necessary for the hospital association to show that the damage to the buildings is a direct consequence of the regulation of Trinity avenue, and not of any other street. It is difficult to understand the situation of those buildings and the land upon which they stand without referring to the maps that were before the commissioners. The land formerly belonged to the Sisters of the Ursuline Convent. The buildings were erected in the year 1858. At that time access to them was had from Westchester avenue. North of the property ran 156th street, but lands of other owners intervened between that street and the convent property. That property was conveyed to the Lebanon Hospital Association on the 31st of December, 1890, and in the conveyance to it is described as bounded by Westchester avenue on the south, Trinity avenue (not opened) on the east, and Cauldwell avenue on the west, as such streets and avenues were shown on a map filed in the register's office. Westchester avenue was graded in or about 1885. Trinity avenue was not laid out south of 156th street until 1879. No grade was fixed for the portion of Trinity avenue adjoining the premises of the hospital association until 1895. The grade of Westchester avenue, where Trinity avenue intersects it on the south, and the grade of Trinity avenue north of 156th street, where it intersected that street, had been established since 1871, and the grade of Trinity avenue was regulated to meet the grades of Westchester avenue and 156th street. Cauldwell avenue, on the west of this property, was graded about 1897. When the property was conveyed to the hospital association, access was had by a flight of steps from Westchester avenue, but the proof shows that some access to part of the buildings was had over land fronting on Trinity avenue, and the effect of cutting down the land at Trinity avenue is to deprive the buildings of that access as it existed. The whole effect of the regulation of Trinity avenue relates to that access, and the change of grade requires either the lowering of the buildings or the adoption of some other means of access to them from Trinity avenue.

That there is some substantial damage to the buildings in this situation seems to be obvious, and under the sections of the statutes quoted the hospital association would be entitled to compensation for that damage. We are unable, however, to understand from this record upon what theory or basis, other than that to be alluded to, the sum of $15,000 has been awarded for that damage. The only evidence before the commissioners as to damage consists in testimony of an expert that it would cost about $30,000 to lower the buildings. The commissioners awarded half that sum; but that award, so far as the record shows, is made upon the principle that the damage consisted in the cost of lowering. The real measure of damage in a case of this kind is the difference between the value of the buildings as they were before and the value as they are after this access is cut off. Section 988 of the Greater New York Charter requires that an appeal of this character should be heard and determined by the Appellate Division upon the merits, both as to matters of law and fact. We have

before us on this record only the fact that it would cost a certain sum of money to lower these buildings. We have no evidence of any fact that would authorize the commissioners to award this sum of $15,000. Upon what other principle or theory they proceeded, we do not know, either from the testimony or their report, and therefore conclude that they must have acted upon the principle of allowing damage for lowering the buildings, and that they then arbitrarily fixed the amount. They are authorized to view the premises if they deem such view to be necessary or useful, and that is all. We are of opinion that substantial damage was done to these buildings within the meaning of the provisions of the laws referred to; but we find nothing in the record, except evidence applicable to an erroneous principle, by which the commissioners could determine the amount to be awarded. It was not shown that lowering the buildings was the only method of making them as available for hospital purposes after as before the change of grade was effected.

It is objected by the appellants that an award should not be made, because the land to be taken for the street or highway was dedicated by the Sisters of the Ursuline Convent before the conveyance to the hospital association was made. It is, to say the least, very doubtful whether any dedication of that land was actually made, but under the terms and the obvious purpose of the statutes it would seem to be clear that damages for land taken for a street and incidental damages for injuries to buildings not taken for a street are entirely separate and independent things, and that, notwithstanding the dedication of the land, the right to compensation for injury to buildings not taken is neither waived nor surrendered by the person so dedicating the land. It may be that when a street is dedicated to public use the right to grade the street at any grade then or thereafter to be established is conceded; but the claim of the hospital is based upon the creation of new relations and new rights arising out of incidental damages to buildings not embraced within the area of the dedicated land, and arises out of independent statutory authority. We are satisfied from the whole record in this case that some injury to the buildings results from the Trinity avenue improvement. No damages were ever claimed or awarded for the opening of Westchester avenue or Cauldwell avenue, as affecting those buildings. The hospital association only claims damage arising from the opening of Trinity avenue, and there is enough evidence to sustain its claim to some extent; but for the absence of anything in the record to show how or upon what basis the damages were computed or awarded, unless upon the erroneous principle adverted to, we think the order confirming the report was wrong, and that it must be sent back to the commissioners for further consideration.

Second. The appellants insist that the commissioners erroneously made awards to one Clausen for certain parcels of land taken for the bed of Trinity avenue between the south side of 156th street and the northerly line of what is now the Lebanon Hospital property. The land so taken was burdened with easements appurtenant to it. We do not find that there was any dedication of these parcels by the owners for a public street, and it is not to be doubted that the owners of

the adjacent land are entitled to substantial damages for the taking of these parcels. City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592; Matter of 173d Street, 78 Hun, 487, 29 N. Y. Supp. 205. In the Matter of 116th Street, 1 App. Div. 445, 37 N. Y. Supp. 508, it is said that the owner of property abutting on a street, who owns the fee of the street subject to an easement granted to private individuals, is entitled to substantial damages when the fee is taken by a municipality for a public street. Mr. Justice Beekman (In the Matter of Ninety-Fourth Street, 22 Misc. Rep. 37, 49 N. Y. Supp. 600) points out the distinction between the case of the City of Buffalo v. Pratt, supra, and the Matter of Adams, 141 N. Y. 297, 36 N. E. 318, which latter case is said to be in conflict with the former. In the present case the fee of the land was taken. Indeed, the city concedes that the respondent Clausen was entitled to substantial damages, but insists that the commissioners acted upon an erroneous principle, in that they awarded to Clausen the full fee value of the land taken and that he was only entitled to such value as the land had subject to the existing easements. In the language of the counsel for the city, "It was the loss to the abutting owner that was to be estimated, not the unincumbered value of the land in the street." While it may be that that is the true rule, we do not find from this record that the commissioners failed to apply it. We do not find that they awarded the full value of the unincumbered fee. Not being able to perceive that the commissioners acted upon an erroneous principle, we are not disposed to interfere with the quantum of the award, as that objection is not insisted upon.

Third. The appellants object to the award made to Newberry D. Lawton. That objection involves substantially the same questions as are considered in connection with the Clausen parcels, except that the city does not claim that there was any dedication by Lawton or his grantor of his parcels of land as a public street. The only claim it makes is that it was incumbered with easements in favor of abutting owners, and that a full and substantial award was erroneous. The award was not excessive, but the appellants insist that part of the value should go to the owners of the easements of light, air, and access— that is to say, Lawton's grantees—and that the award should be divided between Lawton and his various grantees. The city is not interested in the distribution of the amount of the award. There has been no claim made by the owner of the easements, and those easements ceased upon the vesting of title in the city, according to the terms of the instruments by which they were created. The commissioners had before them all the records relating to the creation of these easements, and one of those conditions was that they should cease when title to the street was taken by the city. There was also evidence before them as to the value of the land with the easements. The record also shows that there was a full presentation to the commissioners of the views of counsel representing the various parties as to the proper rule of damage to be applied. The subject was distinctly presented to them by Mr. Lawton's counsel of what reduction should be made on account of the existence of the easements. There is suf-

ficient in the record to show that in the matter of the Lawton parcels the commissioners did not act on an erroneous principle.

Fourth. We have examined the other objections, namely, those relating to the award made to the Rector and Church Wardens of the Church of the Holy Faith, but we do not find any error in principle in making that award.

For the reasons stated above in connection with the property of the Lebanon Hospital, the order must be reversed, with costs, and the report sent back to the commissioners for further consideration. All concur, except VAN BRUNT, P. J., who dissents in part.

VAN BRUNT, P. J. I concur with Mr. Justice PATTERSON as to the Lebanon Hospital Association. I dissent as to Lawton and Clausen. It is apparent that a wrong principle was adopted in making the awards as to those claimants, the amounts having been fixed without regard to easements. Those easements made the property of Lawton and Clausen of but little value.