In re AVENUE C IN THE CITY OF NEW YORK.

LOOBY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 9, 1912.)

1. EMINENT DOMAIN (§ 238*)—ACQUISITION OF LAND FOR STREETS—ASSESS-MENT OF DAMAGES—REVIEW.

An award by commissioners of estimate and assessment in proceedings to acquire land for a street may be sustained, though less than the amount of the damages testified to by all the experts called by the property owner or the municipality, where the commissioners acted in reliance on their own view of the premises made at or about the time of the award, and the result does not seem inequitable, but, where improper rules were adopted, the variance affords strong ground for presuming that they affected the result.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619; Dec. Dig. § 238.*]

2. EMINENT DOMAIN (§ 101*)—ACQUISITION OF LAND FOR OPENING AND EX-TENDING STREETS—DAMAGES.

Under Laws 1901, c. 466, § 980, as amended by Laws 1906, c. 658, § 8, and Laws 1909, c. 394, § 3, requiring the commissioners of estimate and assessment, believing that any intended street regulation will injure any building not required to be taken for the purpose of opening or improving a street, to make an equitable estimate and assessment of the loss which will accrue, it is not necessary that actual physical injury result to buildings from opening and extending a street and changing the grade thereof in order to recover compensation, and the mere fact that buildings have a means of access to the front over one street as well as access through another street to the rear does not prevent compensation for injury occasioned by changing the grade of the latter street in connection with the opening and extending of such street.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

3. EMINENT DOMAIN (§ 124*)—ACQUISITION OF LAND FOR STREET PURPOSES.

The commissioners of estimate and assessment in estimating the dam-ages in proceedings for the opening and extending of a street must esti-mate the damage as it exists at the time of the making of their report, unaffected by any contingency which may never arise.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332-344; Dec. Dig. § 124.*]

Appeal from Special Term, Kings County.

Application of the City of New York for the acquisition of title to lands for the opening and extending of an avenue.   From an or-der confirming a report of the commissioners of estimate and assess-ment, Mabel H. Looby appeals.   Reversed, and proceedings remitted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Herbert G. Andrews, of Brooklyn, for appellant.

Edward Riegelmann, of Brooklyn, for respondent.

BURR, J.   This is an appeal from an order confirming the report of the commissioners of estimate and assessment in the above-enti-tled proceeding, so far as it affects a lot shown on the damage map and known as parcel 63a, and also shown on the assessment map

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

for benefit as lot 183. This plot of ground is situated on the northwest corner of Coney Island avenue and Avenue C. It has a frontage of approximately 100 feet on Coney Island avenue and of 78 feet on Avenue C. Upon the front of the plot and facing Coney Island avenue there are six buildings. Upon the corner is a three-story frame building, with a store on the ground floor and flats above. The adjoining buildings, five in number, are stores one-story in height, used for carrying on various trades and callings. Upon the rear of the plot is a frame stable and wagon shed. Between this and the buildings fronting on Coney Island avenue is an open space or courtyard used ·as an entrance way to the barn and shed, and also as a means of access from Avenue C to the rear of the one-story stores. All of the tenants of these stores have made use of this entrance or courtyard for their business, with one exception. In connection with the opening of Avenue C, a change of grade was made, and commissioners were appointed to determine the loss and damage resulting from the intended regulation of such street. Laws of 1901, c. 466, § 980, as amended by Laws of 1906, c. 658, § 8, and Laws of 1909, c. 394, § 3.

[1] The award made in this case is less than the amount of damage testified to by any of the experts called either by the property owner or the city. It may be that in some cases such an award will be sustained where it satisfactorily appears that the commissioners acted in reliance upon their own view of the premises, made at or about the time when the award was made, and the result does not seem inequitable. Matter of City of New York (Titus Street) 139 App. Div. 238, 123 N. Y. Supp. 1018. But, when improper rules have been adopted in arriving at the amount of damages, such variance will afford strong ground for presuming that such adoption has affected the result.

[2] In this case the commissioners applied an improper rule. The statute above referred to provides that:

"If the said commissioners of estimate shall judge that any intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straightening, altering, or improving such street or part of a street, they shall proceed to make, together with the other estimate and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue, by and in consequence of such intended regulation, to the respective owners, lessees, parties and persons, respectively, entitled unto or interested in the said building or buildings so to be injured by the said intended regulation; and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report and included in whole or in part in the assessment for benefit, provided the board of estimate and apportionment so specifically directs."

The commissioners announced that in arriving at their conclusion as to the damages sustained by the appellant by reason of the intended regulation of Avenue C they would consider only the effect thereof upon the three-story building upon the corner, and the barn in the rear thereof, and would exclude from such consideration any effect upon the five one-story stores adjoining. In this they erred. The statute does not by express words limit its provisions to build-

ings abutting upon the street to be regulated. In order that property should be benefited by the opening of a street, it is not necessary that it should be within the actual limits of the improvement made. Stevenson v. Mayor, 1 Hun, 51. The same rule should apply in estimating damage. Neither is it necessary that actual physical injury should result to buildings from the intended regulation. The statute contemplates, "among other things, that easements, such as of light, air or access, may be impaired or destroyed in such a way as to render the buildings less valuable than they otherwise would be." Matter of Mayor (Trinity Ave.) 81 App. Div. 218, 80 N. Y. Supp. 734. The fact that these one-story buildings have a means of access to the front thereof over Coney Island avenue, as well as access through Avenue C. to the rear, will not prevent compensation for the impairment of the latter, provided it results in injury. In the Trinity Avenue Case there was access to the buildings for which damage was claimed over Winchester avenue as well as Trinity avenue, yet damages were allowed for impairment of the latter.

[3] As a reason for the ruling made, the commissioners stated that the property owner might sell the corner property, thereby cutting off all means of access over Avenue C to the rear of the remaining buildings. The answer to this is that she has not done so, and the commissioners are required to estimate the damage as it exists at the time of making their report, unaffected by a contingency which may never arise.

So much of the order as is appealed from should be reversed, with $10 costs and disbursements, and the proceedings remitted to the commissioners to proceed in accordance with this opinion. All concur. HIRSCHBERG, J., being of opinion that the proceedings should be sent to new commissioners.