In the Matter of Acquiring Title by THE CITY OF NEW YORK to Certain Lands and Premises Situated on the Easterly Side of Cypress Avenue between East One Hundred Thirty-second and East One Hundred and Thirty-third Streets; the Easterly Side of Cypress Avenue between East One Hundred and Thirty-third and East One Hundred and Thirty-fourth Streets; at and Near the Northeasterly Corner of East One Hundred and Thirty-fourth Street and Cypress Avenue; at and Near the Intersection of the Easterly Side of Cypress Avenue with the Southerly Side of Southern Boulevard and the Southerly Side of Southern Boulevard Extending from the Easterly Side of Cypress Avenue to the Southerly Side of East One Hundred and Thirty-fifth Street; in the Borough of The Bronx, City of New York, Duly Selected as a Site for the Triborough Bridge by the Department of Plant and Structures, and Approved by the Board of Estimate and Apportionment, According to Law.

THE CITY OF NEW YORK, Appellant, Respondent; KENYON TRANSFORMER Co., INC., Respondent; 122 CYPRESS AVENUE HOLDING CORPORATION, Appellant.

First Department, February 11, 1937.

580

*William S. Gaud, Jr.*, of counsel [*Alfred D. Jahr* and *Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the appellant, respondent, City of New York.

*Sidney S. Levine*, attorney for the appellant 122 Cypress Avenue Holding Corporation.

*Charles Lamb* of counsel [*Harry Schachter*, attorney], for the respondent Kenyon Transformer Co., Inc.

GLENNON, J.   The city of New York appeals from a final decree in a condemnation proceeding in so far as it granted an award to the respondent, Kenyon Transformer Co., Inc., for fixtures in its place of business on the date that title vested in the city.   The 122 Cypress Avenue Holding Corporation appeals from so much of the same decree as denies its claim for damages for the unexpired term of its lease and for fixtures and annexations to the property condemned.   I shall discuss these appeals in the order stated.

The Kenyon Transformer Co., Inc., was a subtenant under a written lease in the building at 122 Cypress avenue, the Bronx, and occupied the fourth and fifth floors and a portion of the basement.   In this proceeding the company makes no claim for the value of the unexpired term of its lease.   Its claim relates solely to trade fixtures used in connection with its business.

The company was engaged in manufacturing radio transformers and similar equipment. In the conduct of its business it used varied types of machinery, some photographs of which are contained in the record. This machinery consisted mainly of riveting machines, presses, lathes, emery grinders, hack saws, shears, shapers, filing machines, vises, motors, winding machines, vacuum tanks and other articles of a similar character. The company also had in its premises certain partitions, shelves, shafting, hangers and other articles which were apparently firmly attached to the building, were not removed therefrom, and for the taking of which the city concedes that an award was properly made.

The court at Special Term made an award of $21,000 to the company, and the city on this appeal urges that the amount of the award was improper in that the equipment for which compensation was claimed was, with few exceptions, personal property for which the company was not entitled to be compensated. The city does not dispute the " accepted rule that an award must be made to a tenant for fixtures or structures annexed to the real property, though these are the personal property of the tenant, whenever the city in taking the real property destroys the leasehold interest of the tenant." (*Matter of City of New York* [*Allen Street*], 256 N. Y. 236. See, also, *Matter of Willcox*, 165 App. Div. 197; *Matter of City of New York*, 192 N. Y. 295.) It contends, however, that the fixtures in this case were not so annexed to the real property as to become a part thereof.

We have examined this record carefully for some indication of the manner in which the fixtures which the company's expert generally terms machinery, were annexed to the realty. Except for a few notations contained in the appraisal of the company's expert, which was introduced into evidence, we find nothing in this record which would warrant a holding that all of the machinery was firmly attached to the floors, walls or columns of the premises. Not all fixtures, even though used in the conduct of a claimant's business, fall within the category of real property for which an award must be made. In *Matter of City of New York* (*Allen Street*) (*supra*) Judge LEHMAN wrote: " Distinction must, of course, be made between chattels which have ' such a determinate character as movables that they remain personal property, after their annexation to real estate, independently of any agreement between the owner of the chattels and the owner of the realty which so provides,' and ' the class of movables which, after attachment, continued to be personal property, or became real estate, accordingly as the owner of the chattels and the owner of the real estate might have agreed.' (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12.)

Though both are sometimes referred to as ' fixtures,' articles which are ' in their nature, mere furniture, and, therefore, chattels, and not appurtenances to the building ' cannot constitute a part of the realty. (*McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 38.) The term ' fixtures ' as used in this opinion is confined to articles so affixed to the realty that they would have become part of the realty if they had been installed permanently by the owner of the fee. It excludes ' goods affixed to realty which, in the absence of an agreement that their original character should be retained, would not have " become part thereof." ' (*Madfes* v. *Beverly Development Corp., supra.*)"

In view of the absence of proof showing that all of the fixtures for which the award has been made can be classified as real property when subjected to this test, we are constrained to reverse the decree in so far as appealed from by the city of New York, and remit the matter to Special Term for further hearings.

The appeal of the 122 Cypress Avenue Holding Corporation presents a different situation. The corporation was the lessee of the entire building. It filed two separate claims. The first was for the taking of the unexpired term of its lease which amounted to fourteen years less one month and fifteen days. In our opinion this claim was properly disallowed in view of the following clause which is contained in the lease: " In the event that the premises hereby leased shall be taken or acquired for any public or semi-public purposes by condemnation proceedings or otherwise whereby the Landlord, his heirs or assigns shall be divested of the title to said premises, this lease and the term hereby granted shall upon the vesting of title in said condemnation proceedings for said public purpose, terminate and come to an end, anything hereinbefore contained to the contrary thereof notwithstanding." In discussing a similar clause involved in *Matter of City of New York (Allen Street)* (*supra*) Judge LEHMAN, in the majority opinion, stated that " the clause of the lease which provided for its termination upon the vesting of title to the land in the city evidences an agreement between landlord and tenant that the tenant shall receive out of the award no compensation for his leasehold interest."

The second claim filed by the corporation was for so-called trade fixtures and annexations to the property. It is not disputed on this appeal that the appellant, 122 Cypress Avenue Holding Corporation, installed a standard sprinkler fire extinguisher system in the building. This improvement was made pursuant to the fourteenth paragraph of the lease which reads as follows:

" 14. The Tenant covenants, as part of the rent, to completely install, on or prior to the 1st day of October, 1926, at its own cost and expense, an approved standard fire sprinkler extinguisher system throughout the said buildings, which shall comply with and be approved by all necessary City Departments and the Board of Fire Underwriters and/or the New York Fire Exchange and to be in operation within three months."

That the sprinkler became part and parcel of the building is evidenced by the fact that it consisted of piping, 900 heads, a roof tank and necessary supports, pumps, controls and alarms. It is fair to assume that the sprinkler system was firmly attached to the building in such a way that it could not readily be removed. It must have been taken into consideration by the court in determining the damage which was suffered by the owner of the building. The fact that the sprinkler system was to be installed as " part of the rent " is a matter which might be considered in a controversy between the owner and this appellant. However, on this appeal we are not concerned with that question. The clause relied upon by the appellant to establish its right to an award at the hands of the city falls far short of accomplishing that purpose. It cannot be construed to mean that it, as tenant, was to have the right to remove the sprinkler system at the termination of the lease.

The final portion of the claim of the 122 Cypress Avenue Holding Corporation relates to iron shutters, fire alarm boxes, heating plant, oil burner, toilets, partitions, fireproof stair inclosures and automatic gates for elevators, all of which were annexed to the building by the corporation at its own cost and expense. It is quite apparent that the corporation is not entitled to an award for the taking of these items. In the first place, under the terms of the lease the lessee covenanted to remodel the building in accordance with the rules and regulations of the city and State Departments so that the building could be used as a loft and manufacturing building. The lessee further covenanted to make all repairs " ordinary and extraordinary, structural and otherwise." Again, the lease contained a clause to the effect that all articles and repairs, additions and improvements to the building were to become part of the realty and were to remain upon the premises at the termination of the lease.

Accordingly, the decree in so far as appealed from by the city of New York should be reversed, but without costs, and the matter remitted to Special Term for further hearings. On the appeal of the 122 Cypress Avenue Holding Corporation the decree in so far as it denied award to it for damages to its fixtures and annexations, and for the taking of its unexpired leasehold by virtue of the vesting of title in the city of New York, should be affirmed, with costs.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Decree in so far as appealed from by the city of New York unanimously reversed, without costs, and the matter remitted to the Special Term for further hearings in accordance with the opinion of this court. On the appeal of the 122 Cypress Avenue Holding Corporation, the decree in so far as it denied award to it for damages to its fixtures and annexations, and for the taking of its unexpired leasehold by virtue of the vesting of title in the city of New York, unanimously affirmed, with costs. Settle order on notice.