UNITED STATES v. 16.747 ACRES OF LAND, MORE OR LESS, SITUATE IN CITY OF WILMINGTON, NEW CASTLE COUNTY, DEL., et al.

No. 296.

District Court, D. Delaware.

June 15, 1943.

Stewart Lynch, U. S. Atty., and W. Thomas Knowles, Asst. U. S. Atty., both of Wilmington, Del., and Charles M. Ire-lan, Sp. Asst., of Washington, D. C., for the United States.

James T. Mullin and Howard Duane, of Wilmington, Del., for defendants.

LEAHY, District Judge.

This is a motion by certain property owners to vacate an order granting possession to the United States and to vacate the judgment of taking. The purpose of the motion is to contest the legal sufficiency of the petition for condemnation and the validity of all proceedings so far taken in this cause.

On March 11, 1943, the United States filed its petition for condemnation of a tract of vacant land located in the City of Wilmington, and owned by defendants. The purpose of the taking was for "the housing of defense workers." The interest in the land which the United States seeks to condemn is "the exclusive use * * * together with all improvements thereon and any leaseholds and other interests therein for the period of one year with the right to renew from year to year for the duration of the war emergency, as determined by the President of the United States, and three years thereafter, together with the right of the United States to remove all improvements constructed or placed thereon by the United States at the termination of such use." The government has deposited in the registry of this court $1,119, representing the amount of estimated compensation to the various owners for the use of the land for the period of one year.

Defendants argue that the interests sought to be acquired by the United States, as set out in the petition of taking, are so uncertain that it is impossible for defendants to present evidence as to the value of the interests taken, and, therefore, it is impossible to fix a just compensation for the taking.

In addition, defendants contend that as the government seeks the right to remove all improvements and the contemplated use may call for the construction of roadways, sidewalks, culverts, and concrete foundations, there is no way of knowing what the condition of the land will be after the use has been terminated and the improvements removed. "How is it possible to estimate damages for such entirely unknown contingencies?" defendants ask. Again, they say, there is no time fixed during which the government will be required

to remove improvements after the temporary use has terminated.

The petitioner instituted the case at bar at the request of the Acting Commissioner of the National Housing Agency under the authority of 40 U.S.C.A. §§ 257, 258a to 258e; 42 U.S.C.A. § 1521; Executive Order No. 9070, dated Feb. 24, 1942, 50 U.S.C.A.Appendix, § 601 note, 7 F.R. 1529; 50 U.S.C.A.Appendix, § 631 et seq., and Executive Order No. 9150, dated April 28, 1942, 50 U.S.C.A.Appendix, § 632 note, 7 F.R. 3271.

Under 40 U.S.C.A. § 258a it is no longer necessary for the government to await the completion of a condemnation proceeding in order to obtain possession of the land desired for public use. Upon the filing of the declaration of taking and the deposit of the estimated compensation into court, "title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration", vests in the United States. Moreover, under 50 U.S.C.A.Appendix, § 631 et seq., a temporary use of land by the government, in addition to permanent acquisition, is contemplated.

■ The interest acquired here by the government is clear. It is nothing more than a use from year to year during the present emergency and for three years thereafter. The precise number of years at this time must, of necessity, remain undetermined; but the estate or interest taken is analogous to a tenancy from year to year, an estate long known in the law. True, the interest taken is not as easily susceptible of valuation as a fee; yet the task of valuation is not insurmountable. Certainly an expert appraiser can determine a fair annual rental, determined as though the government had rented the property for a year with an option to renew from year to year with the right to remove improvements at the end of the term, As was said in Johnson v. United States, 4 Ct.Cl. 248, 250: "The amount thus found may be regarded in future as the established and agreed rent of the premises as long as the government shall elect to occupy under the implied lease." See, too, Pope v. United States, 26 Ct. Cl. 11; Johnson v. United States, 2 Ct. Cl. 391; and Johnson v. United States, 8 Ct. Cl. 243.

■ Any threatened damage which may occur as a result of the removal of improvements cannot be compensated for in this proceeding. Such damages would be highly speculative in view of the fact there is serious question whether or not any such damage will ever occur at all. It is to be assumed that, once its use has ceased, the government will return the property in substantially the same condition that it was at the time of the taking. If, however, injury does occur during or at the end of occupancy, when both the fact of injury and the amount are ascertainable, defendants have a remedy by original action against the government.

■ The response to the argument of defendants that no time is fixed during which the government shall remove the improvements is obvious. The government's right to remove improvements runs concurrently with—and not beyond—its use and occupancy.

Defendants' motion denied.