**UNITED STATES v. CERTAIN PARCEL OF LAND AT HEMPSTEAD, NASSAU COUNTY, STATE OF NEW YORK, et al.**

**No. M–704.**

District Court, E. D. New York.

Aug. 25, 1943.

The purpose of the easement sought to be acquired by the Government was for the erection of poles upon which warning lights were to be placed to aid in eliminating the hazard and danger caused by steel towers and high tension lines to planes using the North and South runway at Mitchel Field. There is no doubt the Government entered upon these premises and some work was done. However, the steel towers had been removed and the necessity for acquiring the easement had been eliminated.

On February 8, 1943, a notice of motion to discontinue the proceedings was served on the claimant, Hempstead Warehouse Company, returnable February 17, 1943. The claimant objects to the granting of this motion, as it seeks compensation for the premises on the theory that the condemnation proceedings instituted by the petitioner-plaintiff should not be terminated by a discontinuance but rather continued so that the warehouse corporation could prove its damages.

Harry T. Dolan, Sp. Asst. to Atty. Gen. (Thomas J. Gallagher, of Brooklyn, of counsel), for petitioner.

Corner, Bell, Russell & McNulty, of Brooklyn, for defendant Hempstead Warehouse Corporation.

Louis J. Carruthers, of New York City, for defendant Long Island R. R.

ABRUZZO, District Judge.

This is a motion to discontinue the proceedings herein.

On June 29, 1942, there was filed in this Court a Notice and Petition in Condemnation for the acquiring of certain property described in the petition, pursuant to the provisions of Section 171, 50 U.S.C.A. The petition further prayed that the Court adjudge the fair market value and the just compensation to be made and awarded by the petitioner-plaintiff for the property in question and that such action be taken in order to effectuate the acquisition of the particularly described premises.

Pursuant to that petition, an order was entered granting the government immediate possession of the land described in the petition.

On September 23, 1942, the return date of said petition, the matter was adjourned. Thereafter, the matter was adjourned from time to time both at the request of the petitioner-plaintiff and the claimant, Hempstead Warehouse Corporation.

■ No Declaration of Taking was filed under the Declaration of Taking Act, 40 U.S.C.A. § 258a, nor has there been any judgment of condemnation entered, nor any determination of the just compensation to be paid for the premises. A taking of property can only occur by operation of law under the Declaration of Taking Act by the filing of a Declaration of Taking and the deposit of the estimated compensation for the rights and property taken or by the determination of the just compensation to be paid and the payment thereof into the Registry of the Court. Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240; United States v. Bouchard, 2 Cir., 64 F.2d 482; and Barnidge v. United States, 8 Cir., 101 F.2d 295.

■ While this decision may appear to impose a hardship, it must be borne in mind that the claimant is entitled to compensation for the temporary use of the premises. Such a claim would have to be prosecuted in the Court of Claims under the Tucker Act, 24 Stat. 505.

Motion granted.

Settle order on notice.