UNITED STATES v. IMPROVED PREMISES KNOWN AS NO. 46–70 McLEAN AVENUE IN CITY OF YONKERS, WESTCHESTER COUNTY, et al.

District Court, S. D. New York.
March 16, 1944.

470

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

Winthrop, Stimson, Putnam & Roberts, of New York City (Donald H. Aiken and Thomas C. Fogarty, both of New York City, of counsel), for Franklin Sav. Bank.

Arthur J. Doran, of Yonkers, N. Y. (David Friedman, of Yonkers, of counsel), for The Crow Bar, Inc.

BRIGHT, District Judge.

On January 8, 1943, the petition in this condemnation proceeding was filed alleging that it had been determined by the Secretary of the Navy that the immediate use, occupancy and possession of the premises at the above address were vital and necessary for the successful prosecution of the war, and that the estate which it was intended to acquire was the use and occupancy of the premises for a term ending June 30, 1942, with the right during the continuance of the status of war presently existing, and for one year thereafter, to renew such use and occupancy for annual periods, upon the giving of notice of such election of renewal sixty days prior to the expiration of any period. The original petition was filed only against the Franklin Savings Bank, the owner. It was subsequently amended, so as to seek the use and occupancy of the same estate in a part of the premises at the above address, of some portion of which The Crow Bar, Inc., was alleged to have some right, title or interest and it was made a party defendant along with the others above named. Immediate possession was ordered on the same day as the petition was filed and judgment of condemnation was filed on June 9, 1943.

When the question of the award came on for trial, it was announced that the petitioner and the Franklin Savings Bank of the City of New York had stipulated and agreed that the fair rental that should be paid by the Government to those entitled to the use of the premises described and as amended, and for the term stated in the petition and as amended, and the extensions of the term as provided, for which notice of extension was given, shall be at the annual rental of $15,000 per year.

The questions left open for decision were (1) shall the rent be directed to be paid into the registry of this court or direct to the bank, (2) shall the final judgment contain a provision that this court retain jurisdiction of the proceeding until the Government surrenders possession of the premises, so that an award may be made to the bank or its assigns should the use of the premises by the Government cause damage over and above that resulting from natural wear and tear, and (3) whether the defendant The Crow Bar, Inc., is entitled to any compensation in this proceeding.

■ 1. I see no reason why the rental should not be paid direct to The Franklin Savings Bank.

■ 2. I do not think, however, that any provision should be made in the final order and judgment retaining jurisdiction in this court until after the surrender by the Government of the premises. Such a provision, in my opinion, would not be a

proper one. This proceeding is only to determine just compensation for the taking. If there is damage arising out of the use of the property and for which the Government would be otherwise liable, it will have to be fixed, in my opinion, in some other proceeding and in some other tribunal.

■ This point has been decided directly against the owner in United States v. 5.741 Acres in Flushing, D. C., 51 F. Supp. 147-149, and in United States v. 16.747 Acres, D. C., 50 F.Supp. 389-391. The proceeding cannot even be continued against the motion of the Government to dismiss to enable the claimant to prove its damages. United States v. Certain Parcel of Land at Hempstead, D. C., 51 F.Supp. 726. It is well settled that private property shall not be appropriated to public uses unless a full and exact equivalent for it be returned to the owner, that equivalent being the market value of the property at the time of taking cotemporaneously paid-in money. It may be more or less than the owner's investment because the public may not by any means confiscate the benefits or be required to bear the burden of the owner's bargain; it is the property and not the cost of it that is safe-guarded by the constitution. That value does not include compensation for any element resulting prior or subsequent to or because of the taking, nor which is conjectural. Olson v. United States, 292 U.S. 246-255, 256-262, 54 S.Ct. 704, 78 L.Ed. 1236. Conjecture cannot form a legitimate basis for an award of compensation. United States v. Sponenbarger, 308 U.S. 256-265, 60 S.Ct. 225, 84 L.Ed. 230; Canandaigua & Niagara Falls R. R. Co. v. Payne, 16 Barb., N.Y., 273-275; Johnson v. State of New York, 62 Misc. 15-22, 116 N.Y.S. 253, affirmed 151 App.Div. 361, 135 N.Y.S. 496. Matter of Board of Transportation, 248 App.Div. 775-776, 290 N.Y.S. 426; Matter of City of New York (Avenue C), 151 App.Div. 83-86, 135 N.Y.S. 259; Pearson v. Central of Georgia Railway Co., 215 Ala. 239, 110 So. 5-7. That damage in prospect may be caused after the taking because of the use of the property condemned is not a proper element to be taken into consideration in determining the amount of an award. United Power & Light Corp. v. Murphy, 135 Kan. 100, 9 P.2d 658-663; Loomis v. City of Augusta, 151 Kan. 343, 99 P.2d 988-990. The inquiry does not contemplate a recovery in advance for any torts that may subsequently be committed. Items of damage purely remote, speculative and conjectural, and not fairly and reasonably to be anticipated, cannot be included in the award. All such matters may be the fit and proper subject for damage suits. It is to be presumed that the taking will be carried on in a lawful manner and the award should be made upon the supposition that plaintiff will perform its duty in this respect. Missouri Power & Light Co. v. Creed, Mo. App., 32 S.W.2d 783-787.

My attention has been called to In re Condemnation of Lands for Military Camp, D. C., 250 F. 314, in which there is a contrary holding. In view of the authorities which I have cited, I think that case may be considered overruled.

3. The remaining question relates solely to the claim of the tenant The Crow Bar Inc. No evidence as to damage was offered but request was made for a determination of its rights under its lease so as to save expense and time if the decision were adverse to it. I think there must be such a decision.

On November 28, 1941, The Crow Bar, Inc., entered into a lease with the Franklin Savings Bank of a portion of the property in question. That lease was to run from December 1, 1941, to November 30, 1946. It provided, in part:

"4. * * * All alterations, decorations, additions, or improvements (including panelling, partitions, railings, mezzanine floors, galleries and the like) except movable trade fixtures, made by either party, shall become the property of Landlord upon installation, unless Landlord shall elect otherwise, which election shall be made by giving a notice pursuant to the provisions of Article 30 not less than three days prior to the expiration or other termination of this lease or any renewal or extension thereof. * * *

"12. If the whole or any part of demised premises shall be taken or condemned by any competent authority for any public or quasi public use or purpose, then, and in that event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose, and without apportionment of the award. The current rental, however, shall in any such case be apportioned."

This tenant claims that in its operations under the lease it installed on the premises

472

bars, wall seats, booths, refrigerators and other like articles requisite and necessary for the conduct of a night club; and these installations were particularly designed for and adapted to the premises in question and that if removed they would not be of any value or suitable for use in some other building. It makes claim for the value of those installations and also seeks payment for the unsecured term of its lease and for the interruption and impairment of its business.

It is to be observed that the Government in this proceeding was not authorized to and does not take any of the tenant's property except possibly the unexpired term of its lease. However, here the tenant has, by the express terms of its lease, foreclosed any right on its part to receive any part of the award and has consented that upon the taking its lease shall cease and terminate. Matter of New York (Tri-Borough Bridge), 249 App.Div. 579, 293 N.Y.S. 223, affirmed without opinion 274 N.Y. 581, 10 N.E.2d 561. It has also stipulated that the fixtures, other than movable which it had installed shall become the property of the landlord unless he otherwise elects, and there is no proof of any such election. It would not be entitled to any award, for the loss of its business because the Government did not condemn or take it. United States ex rel. T. V. A. v. Powelson, 319 U.S. 266-283, 63 S.Ct. 1047, 87 L.Ed. 1390; Mitchell v. United States, 267 U.S. 341-345, 45 S.Ct. 293, 69 L.Ed. 644; Joslin Mfg. Co. v. Providence, 262 U.S. 668-675, 43 S.Ct. 684, 67 L.Ed. 1167; Bothwell v. United States, 254 U.S. 231, 41 S.Ct. 74, 65 L.Ed. 238; In re Post Office Site in the Borough of Bronx, 2 Cir., 210 F. 832. Nor is it entitled to damages for the enforced premature removal of property which is excluded from the taking, Matter of City of New York (Allen Street), 256 N.Y. 236-242, 176 N.E. 377; nor for removable articles, Matter of City of New York (Whitlock Avenue), 278 N.Y. 276, 16 N.E.2d 281; nor for expense arising from the removal of its property to some other location, Pacific Live Stock Co. v. Warm Springs Irrigation District, 9 Cir., 270 F. 555–559; Matter of City of Rochester (Smith Street Bridge) 234 App.Div. 583-587, 255 N.Y.S. 801; Gershon Brothers Company v. United States, 5 Cir., 284 F. 849.

I have signed and filed the final order and judgment.