**UNITED STATES of America, Petitioner,**

v.

**CERTAIN PARCELS OF LAND IN the CITY OF CLEVELAND, COUNTY OF CUYAHOGA, STATE OF OHIO; Grabler Manufacturing Co., et al., Defendants.**

**No. 22015.**

United States District Court N. D. Ohio, E. D. March 22, 1957.

---

Sumner Canary, U. S. Dist. Atty., Russell E. Ake, Asst. U. S. Dist. Atty., Cleveland, Ohio, for petitioner.

Morris Berick, Cleveland, Ohio, for movant, Jacob Hecht.

WEICK, District Judge.

The original petition in condemnation was filed on October 1, 1943 at the request of the Commissioner of Public Housing, to obtain property to provide housing for persons engaged in national defense activities and their families in the Cleveland area. An order for the immediate possession of the property was entered by the Court on the same day.

The estate sought to be appropriated was the exclusive use of vacant land for a period of one year commencing October

1, 1943 with the right of the Government to renew from year to year for the duration of the war emergency and for three years thereafter and to remove all improvements placed thereon by it at the termination of such use.

The Declaration of Taking was filed on November 29, 1943 and on the same day a decree was entered thereon by the Court.

Parcel No. 4 is the one now in controversy, legal title to which was in Fannie Scherer at the time of the commencement of the original action. The estimated just compensation for the use of such parcel for one year was $80.

The record indicates that Fannie Scherer died and a stipulation was signed by John Scherer on November 7, 1945 agreeing to the annual rental of $80.

On November 21, 1945 a final judgment and order of distribution was entered by the Court which ordered payment of three annual rental payments totaling $240 to John Scherer. He also received the fourth annual rental payment.

The lease was renewed annually by order of the Court, the last renewal occurring on September 6, 1955 which renewed the lease for a period of one year commencing October 1, 1955.

Sarah Hecht had acquired title to Parcel No. 4 in August, 1945 by County Auditor's Deed following a foreclosure in the state court for failure to pay real estate taxes and the annual rental payments were disbursed to her commencing with the fifth one. She signed a stipulation on November 18, 1953 agreeing to an increase in the annual rental from $80 to $387.

In 1954 the Board of Education of Cleveland City School District appropriated a portion of Parcel No. 4 in the Common Pleas Court of Cuyahoga County.

Sarah Hecht died on March 26, 1955.

The national emergency proclaimed by the President terminated on July 1, 1953 and the three-year period expired on July 1, 1956 so that the lease could not be renewed after its expiration on October 1, 1956 for any additional period under the original Declaration of Taking. Joint Resolution July 3, 1952, 66 Stat. 332, as amended by Joint Resolution March 31, 1953, 67 Stat. 18, 42 U.S.C.A. § 1521 note.

On September 28, 1956, the Commissioner of Public Housing filed a Declaration of Taking to appropriate the exclusive use of the residue of Parcel No. 4 and other lands for a period of one year commencing October 1, 1956, with the right to remove all buildings or improvements installed or erected by the Government or previously existing. The rental specified therein was on the same day deposited in the registry of the Court. An amended complaint was filed September 28, 1956 praying that the property be condemned and that just compensation be ascertained and awarded. A decree was entered on the Declaration of Taking on October 2, 1956.

The Declaration of Taking states that the purpose was to protect the Government's investment in the improvements pending the disposition of them in conformity with the law.

Mr. Hecht, individually and as executor of the estate of Sarah Hecht, has filed a motion to vacate the decree entered on the Declaration of Taking. No authorities were cited in support of the motion. He has also filed an answer setting up certain defenses and a counterclaim for the use and occupancy of the property since October 1, 1954 in the amount of $33,125. He claims to be the devisee of Sarah Hecht and as such the owner of the residue of Parcel No. 4.

The first ground of complaint by the defendant is that the present condemnation was instituted by proceedings in the original condemnation case instead of by a separate and independent action.

Since each year's renewal was handled by order of Court entered in the original case, we see no valid reason why the present appropriation of use for another

year of the same property cannot be similarly handled.

It is next claimed that the final judgment and order of distribution entered on November 21, 1945 was void because Sarah Hecht, who was then the owner of Parcel No. 4, was not a party to the case.

It is further claimed that John Scherer who signed a stipulation and received rent under the orders of Court for four years was not the owner of Parcel No. 4 and, therefore, said final judgment and order of distribution was void.

The owner of the land at the time of the original taking is not here complaining about any defects in the proceeding or any failure to pay rental to him.

■ We do not see what right defendant Hecht, a subsequent owner, has to complain about the payment of rental or defects in the proceeding prior to his ownership of the premises.

The case was lis pendens when Sarah Hecht acquired ownership of the property in 1945 through tax sale. It was her duty to advise the Court of her acquisition of the property in order to claim the rental to which she was entitled as such owner.

Mrs. Hecht apparently did advise the Government at a later date of her ownership of the property because the orders of the Court providing for the distribution of each of the annual rental payments subsequent to the fourth, includes her name therein and the rentals were in fact distributed to her.

■ The judgment entered on February 3, 1954 was pursuant to a stipulation signed by Mrs. Hecht, which increased her annual rental from $80 to $387 and ordered the payment to her of $774 representing the tenth and eleventh annual rental distributions. The checks for rental which Mrs. Hecht received pursuant to the orders of the Court and her signed stipulation estop her and her husband from questioning the validity of the original decree. One may not receive money under the order of the Court and later question the validity of the order under which it was paid.

■ It is next claimed that the lease expired on July 1, 1956 which was three years after the termination of the emergency and that the attempted renewal beyond that date was unauthorized. The termination of the emergency and the expiration of the three-year period had no effect on the existing lease for which the Government had paid rental to October 1, 1956, but merely prevented further renewal under the original taking. Nor did such termination operate as a forfeiture of improvements erected by the Government on the leased property. The lease continued until it expired notwithstanding the fact that it could not be further renewed under the original order of condemnation.

The present proceeding was instituted to prevent the lease from expiring and was authorized by Title 42 U.S.C.A. § 1585(a) as amended August 2, 1954 which provided:

"(a) The Administrator may continue by lease or condemnation any interest less than a fee simple in lands heretofore acquired by the Administrator for national defense or war housing or for veterans' housing (whether of permanent or temporary character), or held by any Federal agency in connection therewith, and may acquire, by purchase or condemnation, a fee simple title to or lesser interest in any such lands if the Administrator determines that the acquisition of such fee simple or lesser interest is necessary to protect the Government's investment or to maintain the improvements constructed thereon, or that the cost of fulfilling the Government's obligation to restore the property to its original condition would equal or exceed the cost of acquiring the title thereto."

■ It is further contended that the Government's rights to renewal were conditioned on payment of the rental and that no rental was paid or tendered to

Sarah Hecht or Jacob Hecht for the period commencing October 1, 1954.

The registry of this Court shows the deposit of money by the Government for the periods in question as follows:

12th Annual Rental   10–22–54   $387.00
13th Annual Rental   8–24–55    387.00

Since the Board of Education acquired a portion of the premises by condemnation, there was paid to it the proportionate part of the rental to which it was entitled and the balance is still in the hands of the Clerk awaiting distribution. If Mr. Hecht produces evidence to the satisfaction of the Clerk showing his ownership of the land, he will experience no difficulty in obtaining all rentals to which he is entitled.

It is further contended that the allegations in the Declaration and complaint of the purposes of the taking are not true.

The statute before quoted gives to the Commissioner of Public Housing the right to appropriate either the fee or a lesser interest, if he determines that it is necessary "to protect the Government's investment."

There is no question here that the Government has an investment in buildings and improvements which it erected at its own cost and expense on the leased premises.

If it had not instituted the present proceeding in condemnation, the improvements which it erected on the vacant land would have reverted to the defendant upon the termination of the lease. United States v. 16.747 Acres of Land, D.C., 50 F.Supp. 389.

The Government paid rental to the owners for the use of the vacant land. The improvements erected by the Government did not belong to the defendant as the Government reserved the right to remove them. The only purpose of the present condemnation was to extend the lease for another year so that the Government might realize some salvage on its investment in the improvements.

■ We agree with counsel for defendant that the Government has no right to renew the lease ad infinitum, but this is only the first renewal under the statute as amended for the purpose of protecting the Government's investment. The Commissioner of Public Housing has determined the necessity of the condemnation for such purpose.

■ The Court would have no right to substitute its judgment for that of the Commissioner of Public Housing or to interfere with its exercise in the absence of fraud, bad faith or a clear abuse of discretion, which are not present in this case.

It is intimated that the Government is trying to help the City of Cleveland in an action pending in the Common Pleas Court of Cuyahoga County which the City instituted to condemn the same premises.

It is not apparent just how the condemnation action in this Court will help the City of Cleveland in its action in the state court, unless it might prevent defendant from claiming that he owns the improvements which belong to the Government.

■ The fact that the cost of demolition may exceed the salvage value of the improvements is no ground for denying the condemnation, for the Government may be able to sell the improvements without demolition. The Government would even have the right to appropriate the fee-simple title to the land to aid it in protecting its investment so that it could sell both the land and the buildings. United States v. Certain Parcels of Land, D.C., 141 F.Supp. 300.

It should be pointed out here that the Government would have no right to remove any improvements except those constructed or erected by it.

Finally, the defendant contends that assuming the lease did not expire until October 1, 1956, the present proceeding was not instituted until after that date and was, therefore, too late.

The Declaration of Taking was filed on September 28, 1956, and the money therefor was then deposited in the registry of the Court. The title to the estate condemned thereupon vested in the United States. 40 U.S.C.A. § 258a. The amended complaint was filed on September 28, 1956. The proceeding was, therefore, timely commenced even though the Court did not enter an order on the Declaration of Taking until October 2, 1956 and the defendant was not served with summons until October 8, 1956. Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion to vacate is, therefore, overruled.