**UNITED STATES of America,
Petitioner-Plaintiff,**

v.

**LOT 27 and a portion of Lot 30, in BLOCK 1337, BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, and Joseph I. Lubin et al., Defendants.**

United States District Court
S. D. New York.

Jan. 3, 1958.

**180**

Harry T. Dolan, Sp. Asst. to Atty. Gen. of U. S., for plaintiff.

Goldstein, Judd & Gurfein, New York City, for defendants.

Guggenheimer & Untermyer, New York City, and Charles C. Lockwood, Brooklyn, N. Y., for former owner.

EDELSTEIN, District Judge.

The former owner of real property condemned by the United States has petitioned for the withdrawal from the Registry of this Court the amount of the just compensation[1] paid in by the condemner for the taking of the fee simple unencumbered title, pursuant to a judgment of this court. A tenant opposes the application based upon its claim for the value of certain enumerated trade fixtures as well as a claim for a $200 security deposit previously paid by the tenant at the time of making the lease.

■ The tenant contends that the petitioner is required to turn over the security deposit to the United States as a condition to withdrawing any funds. Regardless of the propriety of a security deposit claim in these proceedings, it does appear without contradiction that the amount of the deposit has been paid over by the petitioner as former owner to the General Services Administration of the United States.

■■ The trade fixtures for which recovery is sought by the tenant are characterized by it as movable and not improvements to the real property. By virtue of an alterations clause in the lease, only such movables are excepted from becoming the property of the landlord upon installation (unless the landlord elects otherwise, and no such election is alleged). The petitioner disputes the characterization for most of the items, and for the others claims that they are removable, transferrable and usable by the tenant. But even accepting the tenant's characterization on its face, it is not entitled to an award for removable articles. United States v. Improved Premises known as No. 46–70 McLean Avenue, D.C., 54 F.Supp. 469, 472. "A tenant is entitled to compensation in condemnation proceedings for such fixtures as would have become part of the realty if they had been installed permanently by the owner of the fee. Matter of City of New York, Allen St., 256 N.Y. 236, 176 N.E. 377." Matter of City of New York, Whitlock Avenue, 278 N.Y. 276, 281, 16 N.E.2d 281, 282. The Supreme Court of the United States has held that, in a condemnation proceeding, a tenant is to be compensated for the value of its trade fixtures that are destroyed, damaged or depreciated in value by reason of the government taking. United States v. General Motors, 323 U.S. 373, 383–384, 65 S.Ct. 357, 89 L.Ed. 311. But the trade fixtures held compensable in that case were in effect improvements to the realty, see United States v. Certain Parcels of Land, etc., D.C., 102 F.Supp. 854, 858, even though by agreement between landlord and tenant they might be considered to be personalty. See Matter of City of New York, Allen St., 256 N.Y. 236, 176 N.E. 377. The tenant, in arguing the irrelevancy of the clause in the lease[2] precluding an apportionment of the award, on the ground that the trade

---

1. Of the $100,000 award, the sum of $98,800 has been withdrawn by consent under an order of the court, leaving $1,200 in issue on this petition.

2. "12. If the whole or any part of demised premises shall be taken or condemned by any competent authority for any public or quasi public use or pur-

pose, then, and in that event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose and without apportionment of the award. The current rental, however, shall in any such case be apportioned."

fixtures involved are movables and not improvements to the realty, would seem to be in agreement that what was taken and compensated for was only real property and not personalty. But indeed it would further seem that the clause in itself forecloses the tenant's right to receive any part of the award.[3]

The petition for withdrawal will be granted.

---

3. See United States v. Certain Parcels of Land, etc., 102 F.Supp. 854, 857; United States v. Improved Premises known as No. 46–70 McLean Avenue, 54 F.Supp. 469, 471, 472. But compare Matter of City of New York, Allen St., 256 N.Y. 236, at page 239, 176 N.E. 377, at page 378, where the lease provided: "If the whole or a substantial part of the premises hereby leased shall be taken by the City, County, State or Federal authority for any public purpose, then the term of this lease shall cease from the day when possession of the whole or part so taken shall be acquired for such public purpose, and the rent shall be paid up to that day." The court held, 256 N.Y. at page 243, 176 N.E. at page 379: "the clause of the lease which provided for its termination upon the vesting of title to the land in the city evidences an agreement between landlord and tenant that the tenant shall receive out of the award no compensation for his leasehold interest."